STATE OF NEBRASKA, APPELLEE, V. MICHAEL L. TAMBURANO, APPELLANT.

271 N. W. 2d 472

Filed November 15, 1978. No. 41979.

Thomas M. Kenney, Douglas County Public De-fender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, J.

The defendant was tried in the District Court for Douglas County on a charge of sexual assault, first degree. He was found guilty by a jury and sentenced to a term of from 6 to 10 years in the Nebraska Penal and Correctional Complex, whereupon he instituted this appeal.

The defendant here assigns a single error, that the District Court failed to instruct the jury on the lesser-included offense of second degree sexual assault. The definition of sexual assault in the first degree, pertinent to this case, is: "A person shall be guilty of sexual assault in the first degree when such person subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception." § 28-408.03, R. R. S. 1943. The definition of sexual assault in the second degree, to the extent pertinent here, is: "A person shall be guilty of sexual assault in the second degree when such person subjects another person to sexual contact and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception." § 28-408.04, R. R. S. 1943. In other words, first degree sexual assault differs from second degree sexual assault in the additional element of penetration.

In the early morning hours of December 7, 1977, the complaining witness "R" was awakened in her

bed by a man. "R" assumed at first that the man may have been her boyfriend. In a short time she realized he was not. The intruder identified himself as Bill Osborne, told her to be quiet, and that she wouldn't get hurt. He removed "R's" clothes. "R" testified that the intruder had sexual intercourse with her 4 to 5 times over the next 45 minutes to an hour. "R" testified positively as to sexual penetration. "R" was able to get to a bathroom, lock the door, and, in an undressed condition, escape through an open bathroom window to the nearby door of her landlord where she secured help. The intruder had left a coat, evidently borrowed from his cousin, containing a checkbook with a name and address in the right front pocket. The police found the defendant asleep on a couch at the home of the cousin. "R" was having her menstrual period. "R" had described the assailant as having curly hair, a moustache, and wearing waist-high long underwear. The defendant, when apprehended, matched that description, and had the long underwear which was covered with blood. In addition, his hands were bloody.

The defendant does not question the sufficiency of the evidence to justify the verdict. Indeed, the evidence was overwhelming. No medical evidence was offered and the sole evidence relating to sexual penetration was that of "R". The defendant did not testify.

All parties concede that the offense of sexual assault, second degree, is a lesser-included offense of sexual assault, first degree. A lesser offense is one which must be committed if the greater offense is committed or, put slightly different, is one which is fully embraced in the higher offense. See State v. Shiffbauer, 197 Neb. 805, 251 N. W. 2d 359.

It is the defendant's theory that the jury could choose to disbelieve "R" on the issue of penetration and find the defendant guilty of only second degree sexual assault if it had been so instructed. Second

degree sexual assault requires only sexual contact as opposed to sexual penetration. Defendant's principal reliance is on the often-cited statement in Nebraska cases that where the defendant requests the trial court to submit a lesser-included offense in the instructions, the trial court must submit all included offenses as to which the evidence is sufficient to support a verdict. See State v. McClarity, 180 Neb. 246, 142 N. W. 2d 152. Since, as this argument points out, evidence sufficient to support a conviction on the greater offense would always, in a sense, be sufficient to "support" a conviction on the lesser offense, some confusion has arisen on the meaning of the rule. Hopefully, this appeal affords an opportunity to end that confusion.

In Fager v. State, 49 Neb. 439, 68 N. W. 611, the defendant was convicted of the rape of his daughter. There was no evidence to refute the fact of penetration although there was some disputed evidence with respect to whether the attack was by violence or putting in fear. The trial court refused a request to submit to the jury the lesser-included charge of assault with intent to commit rape. "It is argued that the court should have instructed the jury in such a manner that the accused might have been found guilty of an assault with intent to commit a rape. There was no evidence to justify the giving of an instruction of the nature suggested. The accused was either guilty of the crime charged or he was innocent of any offense whatever under any theory deducible from the proofs, and the instructions suggested could have subserved no purpose except to suggest a compromise verdict - an alternative which juries are, perhaps, sufficiently prone to adopt without suggestion." The syllabus in that case correctly sets forth the rule which has been uniformly applied in the State of Nebraska that: "When the evidence entirely fails to show an offense of a less degree than that charged in the information it is not prejudicial

error to omit to give an instruction defining an offense of such less degree." See, also, McConnell v. State, 77 Neb. 773, 110 N. W. 666; State v. Stewart, 197 Neb. 497, 250 N. W. 2d 849.

We are aware that a number of states have adopted a rule contrary to the rule in this state. See, for example, Brown v. State (Fla.), 206 So. 2d 377; People v. Thompson, 76 Mich. App. 705, 257 N. W. 2d 268. However, the rule applied in Fager v. State, *supra,* has gained acceptance in many, and probably most, jurisdictions.

The Minnesota Supreme Court said in State v. McDonald, 251 N. W. 2d 705, that: "The test which must be applied in determining whether or not to submit a lesser-included offense is whether there is evidence which produces a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense." For similar language see A. L. I., Model Penal Code, § 1.07 (5). The Minnesota court, in explaining the application of the rule, quotes with favor Barnett, The Lesser-Included Offense Doctrine, 5 Conn. Law Rev., p. 255: "Where the prosecution has offered uncontroverted evidence on an element necessary for a conviction of the greater crime but not necessary for the lesser offense, a duty rests on the defendant to offer at least some evidence to dispute this issue if he wishes to have the benefit of a lesser offense instruction." As for the type of evidence which would require the lesser charge, Barnett goes on to say that: "The controverted evidence to dispute the proof of the element separating the crime charged from the lesser offense can be supplied by inference as well as by direct testimony." See State v. Crofutt, 76 S. D. 77, 72 N. W. 2d 435, for an application of that premise, and People v. Simpson, 57 Ill. App. 3d 442, 373 N. E. 2d 809, for an apparent rejection of it.

For other authority requiring at least some basis in the evidence to rebut the greater charge as a pre-

requisite to an instruction on the lesser, see, State v. Crofutt, *supra*; People v. McIntire, 78 Cal. App. 3d 844, 144 Cal. Rptr. 373; State v. Couch, 35 N. C. App. 202, 241 S. E. 2d 105; State v. Nolton, 19 Ohio St. 2d 133, 249 N. E. 2d 797; State v. Cozza, 19 Wash. App. 623, 576 P. 2d 1336; State v. Holt (Mo. App.), 559 S. W. 2d 44; Jackson v. State (Nev.), 572 P. 2d 927; State v. Piper (N. D.), 261 N. W. 2d 650; and State v. Hill, 153 N. J. Super. 558, 380 A. 2d 722.

The federal courts have clearly held since, at least, Sparf & Hansen v. United States, 156 U. S. 51, 15 S. Ct. 273, 39 L. Ed. 343 (1895), that there was no error in refusing an instruction on a lesser-included offense where there was no evidence to require it. See, for example, United States v. Markis, 352 F. 2d 860 (2d Cir., 1965).

The rule is probably best stated by the Wisconsin court in State v. Bergenthal, 47 Wis. 2d 668, 178 N. W. 2d 16: "Only if, 'under a different, but reasonable view,' the evidence is sufficient to establish guilt of the lower degree and also leave a reasonable doubt as to some particular element included in the higher degree but not the lower, should the lesser crime also be submitted to the jury."

Evidence which requires the submission of a lesser-included offense is necessarily left to a case-by-case basis. It is sufficient to say that that evidence does not rise to that required level by speculating that an essential element uncontroverted in the evidence may be disbelieved by the jury. The trial court was correct in refusing the requested instruction.

The judgment and conviction of the defendant are affirmed.

AFFIRMED.