STATE OF NEBRASKA, APPELLEE, v. EDWARD L. MUNN, APPELLANT.

280 N. W. 2d 649

Filed June 26, 1979. No. 42289.

Thomas M. Kenney, Douglas County Public De-

fender, Bennett G. Hornstein, Stanley A. Krieger, and Daniel K. Powers, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Defendant, Edward L. Munn, appeals to this court from his conviction by a jury in the Douglas County District Court on the charge of robbery, and his subsequent sentence to a minimum statutory term of 3 years imprisonment in the Nebraska Penal and Correctional Complex.

The victim of the robbery, Edward Rybin, returned to Omaha on June 7, 1978, by Greyhound bus, following a visit to his son in Cedar Rapids, Iowa. He arrived at the bus depot at approximately 11 p.m. After claiming his bags, he was in the process of hailing a cab when he was accosted by a black male who, according to the testimony of the victim, told him: "Give me your billfold and we won't have no trouble." The victim testified that he struggled with the assailant, but was knocked to the ground. Rybin further testified that he protected his face, and the assailant unbuttoned his pants pocket, removed his billfold, and ran with it. Rybin further testified that he was yelling "robbery, robbery" during the incident. A bus driver testified that he observed the incident and saw Rybin being held on the ground by an individual who was holding Rybin down with one hand and going over him with the other. The bus driver alerted an off-duty police officer who was acting as a security guard at the bus depot. He pursued and apprehended the defendant with Rybin's wallet in his possession. The defendant was later identified as the individual in question. Defendant's version of what transpired was that ear-

lier in the evening he had bought a man a cup of coffee in the bus depot coffeeshop, and when he saw Rybin waiting for a cab, he thought Rybin was the other individual and had approached him to get back his quarter that he had paid for the coffee earlier in the evening. He testified that he asked Rybin: "Do you have that now?", and placed his hand on the man's shoulders. He admitted that Rybin then started yelling "robbery." Defendant denied pushing Rybin and stated that he put his hand on the shoulder of Rybin to try to hold him up, and he felt Rybin fall backwards. At the trial defendant testified: "I would like to say to the panel that I am not arguing the fact that I did not take the wallet; I did take the wallet, which I did, but what I would like to say in this incident it is not a case of robbery because I didn't have any weapon. * * * It's just more or less larceny from the person, that's all I want out of it — it is not robbery. I didn't use no force; I didn't use no weapon. * * *." On cross-examination he further testified as follows: "Q. So it is your testimony that you did steal Mr. Rybin's wallet, is that correct? A. I did. I did take it from him. Q. You did so with an intent to steal it from him, isn't that right? A. Yes."

In his brief on appeal, defendant makes two assignments of error: (1) The District Court committed reversible error in refusing the defense request for a jury instruction on the lesser-included offense of larceny from the person; (2) the defendant is entitled to have his minimum statutory sentence of 3 years imprisonment for robbery under section 28-414, R. R. S. 1943, vacated and this cause remanded to the District Court for resentencing in view of the reduced statutory minimum sentence of 1 year imprisonment for the same offense under sections 28-324 and 28-105 (1), R. S. Supp., 1978, which became law on January 1, 1979. We affirm the judgment and sentence of the District Court.

We deem defendant's contention that he was entitled to a jury instruction on the lesser-included offense of larceny from the person to be without merit, notwithstanding defendant's contention that he placed his hand on Rybin's body only for the purpose of holding him up to prevent him from falling; and further, that he had no weapon. The facts are undisputed, however, that defendant did make an unlawful, forceful touching of Rybin's body, and Rybin was put in fear as evidenced by the undisputed testimony of plaintiff's witnesses and admissions of the defendant that Rybin was yelling "robbery, robbery" at all times. Defendant's own testimony and admissions are more than sufficient, in themselves, to sustain his conviction for the offense of robbery, as defined in section 28-414, R. R. S. 1943, which was in effect on the date of the commission of the offense involved herein.

In State v. Tamburano, 201 Neb. 703, 271 N. W. 2d 472 (1978), we held that it is not error to refuse a jury instruction on a lesser-included offense unless, under a different but *reasonable* view, the evidence is sufficient to establish guilt of the lesser offense and also leave a reasonable doubt as to some particular element included in the greater offense but not the lesser. In that case we quoted from an opinion of the Supreme Court of Minnesota in State v. McDonald, 251 N. W. 2d 705, as follows: " 'The test which must be applied in determining whether or not to submit a lesser-included offense is whether there is evidence which produces a *rational* basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense.' " (Emphasis supplied.) In Tamburano, we also quoted from a Wisconsin case, State v. Bergenthal, 47 Wis. 2d 668, 178 N. W. 2d 16: " 'Only if, "under a different but reasonable view," the evidence is sufficient to establish guilt of the lower degree and also leave a reasonable doubt as to some particular element included in the higher

degree but not the lower, should the lesser crime also be submitted to the jury.' '' In Tamburano, we also stated: "Evidence which requires the submission of a lesser-included offense is necessarily left to a case-by-case basis." Under the above cited rules, it cannot be doubted that the trial court was correct in the instant case in refusing to instruct the jury on the charge of "larceny from the person," as requested by the defendant, as the evidence clearly established defendant's guilt of the crime of "robbery," and defendant's explanation of his actions was neither "reasonable" nor "rational" nor sufficient to justify the giving of the requested instruction.

Defendant's second assignment of error is likewise without merit and is governed by our opinion in State v. Weinacht, *ante* p. 124, 277 N. W. 2d 567 (1979).

No errors appearing, the judgment and sentence of the District Court must be affirmed.

AFFIRMED.