STATE OF NEBRASKA, APPELLEE, V.
LARRY E. PACKETT, APPELLANT.
297 N.W.2d 762

Filed October 10, 1980.   No. 42978.

Steven J. Reisdorff and Ted L. Schafer for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendant was convicted of first degree sexual assault, second degree sexual assault, and kidnapping. He was sentenced to 25 years imprisonment on the first count; imprisonment for 1 year on the second count; and 16 to 33 years imprisonment on the third count. All three sentences run concurrently with any other sentence the defendant is serving. He has appealed and the assignments of error relate to the overruling of his motions to suppress; requiring him to prepare for trial when other charges were pending in another county; failure to instruct as to lesser-included offenses; and alleged excessiveness of the sentences.

The offenses occurred on August 8, 1978, in Saline County, Nebraska. The evidence shows that the defendant, at gunpoint, forced two girls, 12 years of age and 11 years of age, to accompany him in his truck to

a remote area in the country where he sexually assaulted both of them. He accomplished penetration only with the older girl. He then drove back to town and let the girls out of the truck near a park. On October 14, 1978, the defendant was recognized by the older girl while he was attending a farm auction. He was then apprehended. It is unnecessary to set out the evidence in detail because there is no contention that the evidence was insufficient to sustain the verdict.

The motions to suppress related to searches made at the defendant's residence, his identification at a lineup, and identification of his truck after it had been seized.

On October 20, 1978, after the defendant had been identified at the farm auction, a state patrolman went to the defendant's acreage near Beaver Crossing to ascertain if the defendant's truck matched the description the girls had given. While at the defendant's place, the patrolman inspected the truck and photographed it and the defendant, all with the defendant's permission. Information obtained during the patrolman's visit at the defendant's place was used as part of the basis for a search warrant which was issued on October 23, 1978. A search was made at the defendant's place that day and the truck, stock racks for the truck, two pairs of sunglasses, and two hats were seized.

The defendant contends the evidence seized by the patrolman should have been suppressed because the defendant's consent to the limited search on October 20, 1978, was not given voluntarily. The defendant argues the consent was not voluntary because the patrolman did not disclose the true reason why he came to the defendant's place and the defendant was not advised of his right to refuse to consent to the search.

The patrolman testified that he identified himself to the defendant, told the defendant that he was working on some abduction and sexual assault cases in the area, was checking out white pickups in the area, and that the defendant's name had been developed as a suspect. This was an adequate statement to inform the defend-

ant as to the purpose of the patrolman's visit. It is difficult to see how a more explicit statement could have been made when the defendant was advised that he was a suspect in the crimes which were under investigation.

The Miranda rules are not applicable to consent searches. *State v. Clouse*, 195 Neb. 671, 240 N.W.2d 36 (1976). There is no requirement that a person asked to consent to a search be advised that he may refuse consent. *State v. Wood*, 195 Neb. 353, 238 N.W.2d 226 (1976); *State v. Forney*, 181 Neb. 757, 150 N.W.2d 915 (1967).

A lineup was conducted on October 24, 1978, and the defendant was identified by both victims. On the same day the victims inspected the defendant's truck and identified it as the vehicle in which they had been abducted. The defendant claims the lineup was unnecessarily suggestive.

The evidence shows there were four other persons in the lineup who were of approximately the same age and build of the defendant. All participants wore identical T-shirts, sunglasses, and hats. The defendant and one other person had full beards. At the time of the offense the defendant did not have a full beard but was described as having several days' stubble. The victims were separated during the lineup and viewed the lineup separately. On the basis of the totality of the circumstances, the lineup was not unnecessarily suggestive or conducive to mistaken identification.

The defendant contends he did not receive a fair trial because he was forced to prepare for trial and defend similar charges at about the same time in York County, Nebraska. There was no motion for a continuance and, so far as the record discloses, no objection was made in the lower court on this ground at any time. The defendant had a right to a speedy trial and if he wanted to delay the trial, it was incumbent upon him to request a continuance. The failure to request a continuance waived any error in this regard.

The defendant contends that an instruction as to lesser-included offenses should have been given as to the first count because the evidence as to penetration was insufficient. The assignment is without merit. The victim testified directly as to penetration. Her testimony was corroborated by the other girl, the evidence of bleeding and the towel given to her by the defendant which was stained with her blood and later recovered by the police, and the testimony of the physician who examined her. The defense in this case was an alibi and there was no evidence to contradict the evidence of penetration. Under these circumstances, an instruction as to lesser-included offenses was not required. Where the State offers uncontroverted testimony on an essential element of a crime, mere speculation that the jury may disbelieve the testimony does not entitle the defendant to an instruction on a lesser-included offense. *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978).

The sentences which were imposed in this case were severe but not excessive. The offenses involved violence and use of a firearm. The record demonstrates not only physical injury to the older girl, but psychological injury to both victims. The trial court was entitled to consider the fact that the defendant had committed similar offenses in York County, Nebraska, on the same day shortly before he committed the offenses in Saline County involved in this case. See *State v. Packett*, 206 Neb. 548, 294 N.W.2d 605 (1980).

There being no error, the judgment is affirmed.

AFFIRMED.

CLINTON, J., not voting.