STATE OF NEBRASKA, APPELLEE, v. DAVID A. BEASLEY, APPELLANT.

336 N.W.2d 601

Filed July 22, 1983. No. 82-773.

John P. Murphy, Lincoln County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Dale D. Brodkey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

BOSLAUGH, J.

The defendant was convicted of sexual assault in the first degree and burglary and was sentenced to concurrent terms of imprisonment for 1 to 3 years. He has appealed and assigned as error the sufficiency of the evidence to support the convictions and the refusal of the trial court to instruct on the lesser-included offenses of sexual assault in the second and third degrees.

The victim testified that early on the morning of March 10, 1982, she was awakened at her home by the defendant, who was lying on top of her with his hands around her neck. She testified that he said he would kill her if she did not have intercourse with him; that he tore off the bedclothes and her pajamas and underwear; that he forced his fingers into her vagina; and that he forced his penis into her mouth. The victim struggled, managed to get away, and ran to the house next door where she was admitted by the neighbors. The victim estimated that the attack lasted 20 minutes.

The neighbors, Tony and Linda, testified that when the victim knocked on their door at about 6 a.m. on March 10, 1982, she had nothing on but her socks. The victim appeared upset and hysterial and told the neighbors that someone had tried to rape her.

The victim and Tony then went back to the victim's house but found no one there. Linda testified that she looked out the window and saw a man dressed in an Army field jacket and jeans standing outside the victim's home. Tony called the police from his residence. The victim told the police that she had been sexually assaulted and described the attacker as wearing jeans and a black western shirt with flowers on the shoulders. She told the police that her front door was closed but had been left unlocked the night before.

The victim was examined at the hospital emergency room. She had recent scratches and abra-

sions on the right side of her neck, under her chin, and over the right side of the clavicle, and had an abrasion and a laceration on her right arm. The examining physician was unable to determine whether penetration had occurred.

After the victim had been examined, she returned with the police to her home. A billfold containing the defendant's driver's license and a blue cap not belonging to the victim were found in the victim's bedroom. The victim identified the man in the photograph on the license as her attacker and later identified the defendant in a photo lineup and in court.

The defendant was arrested at about 11:30 a.m. on March 10, 1982, and was given the *Miranda* warnings. At the trial the defendant testified that he did not commit the assault. He testified that he had been to several parties that night and had been drinking heavily; that he had arrived home at 5:45 a.m. after a 15-minute drive from a friend's home. He further testified that on that date he had been wearing an Army field jacket, jeans, and a black western shirt with flowers on the shoulders. He testified that he had lost his billfold and had a cap like the one found at the scene.

The evidence of the State which has been summarized was more than sufficient, if believed, to permit the jury to find the defendant guilty of both counts beyond a reasonable doubt.

In a criminal prosecution it is not the province of the Supreme Court to resolve conflicts in the evidence, pass upon credibility of witnesses, determine the plausibility of explanations, or weigh the evidence, as such matters are for the jury. The verdict of a jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. True*, 210 Neb. 701, 316 N.W.2d 623 (1982). A conviction will be sustained if the defendant's guilt is established beyond a reasonable doubt from all the evidence presented and from such

reasonable inferences that seem justified. *State v. Buchanan*, 210 Neb. 20, 312 N.W.2d 684 (1981).

The statutes under which the defendant was charged provide: "(1) Any person who subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception, (b) knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct, or (c) the actor is nineteen years of age or older and the victim is less than sixteen years of age is guilty of sexual assault in the first degree." Neb. Rev. Stat. § 28-319 (Reissue 1979). "(1) A person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." Neb. Rev. Stat. § 28-507 (Reissue 1979).

In a prosecution for sexual assault it is not essential that the victim be corroborated by testimony of other witnesses as to the particular act constituting the offense in order to sustain a conviction. It is sufficient if she is corroborated as to material facts and circumstances which tend to support her testimony and from which, together with her testimony, an inference of guilt may be drawn. *State v. Watkins*, 207 Neb. 859, 301 N.W.2d 338 (1981); *State v. Tatum*, 206 Neb. 625, 294 N.W.2d 354 (1980).

In the present case the victim testified that the defendant subjected her by threat of force to sexual penetration. She identified the defendant as her attacker on three occasions. The uncontradicted evidence is that, immediately after the attack, the victim ran unclothed to her neighbors' home and told them that she had been assaulted. The victim gave the police a description of the defendant's clothing, which matched the description given by the defendant of what he was wearing on March 10, 1982. The neighbor testified she saw a man in an Army jacket

outside the house just after the assault occurred. The victim had recent scratches and abrasions about her neck and arm and the defendant's billfold and hat were found in the victim's bedroom.

This evidence was sufficient to sustain the conviction for sexual assault. The testimony of the victim was sufficiently corroborated as to material facts and circumstances to establish guilt beyond a reasonable doubt.

The evidence was also sufficient to sustain the conviction for burglary. The jury could find beyond a reasonable doubt that the defendant entered the victim's home through a closed door with intent to commit a felony. See *State v. Campbell*, 190 Neb. 394, 208 N.W.2d 670 (1973).

The defendant assigns as error the failure of the trial court to instruct the jury on the lesser-included offenses of sexual assault in the second and third degrees. These lesser offenses do not require penetration as an element of the offense. Rather, only "sexual contact" is required. Neb. Rev. Stat. § 28-320 (Reissue 1979). The defendant contends that instructions on the lesser-included offenses should have been given because the issue of penetration was sufficiently disputed by his alibi; his denial that he assaulted the victim; the failure of the doctor to detect penetration; and certain inconsistencies on the issue of penetration between the victim's deposition and her trial testimony.

Generally, it is not prejudicial error to not instruct upon a lesser offense when the evidence entirely fails to show an offense of a lesser degree than that charged in the information. *State v. Vicars*, 207 Neb. 325, 299 N.W.2d 421 (1980). In *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978), a prosecution for sexual assault in the first degree, the only testimony regarding penetration was that of the victim. The defendant did not testify and argued that the jury should have been instructed on second degree sexual assault. We held that when the State

offers uncontroverted testimony on an essential element of a crime, mere speculation that the jury may disbelieve the testimony does not entitle the defendant to an instruction on a lesser-included offense. The defendant must offer some evidence directly disputing the element necessary for the greater offense but not for the lesser offense before he is entitled to an instruction on the lesser-included offense.

Here, the evidence did not rise to the level of proof required by *Tamburano*. In that case we held that if, under a "different but reasonable" view, the evidence would be sufficient to establish guilt of the lesser offense and leave a reasonable doubt as to some element included in the greater offense but not the lesser, the jury should be instructed on the lesser offense. The defense here was an alibi, and the evidence relied upon by the defendant did not tend to support a view that sexual contact occurred but a reasonable doubt existed as to penetration. See, *State v. Vicars, supra* (defendant testified he could not remember the events of the evening in question sufficiently to directly dispute the victim's testimony); *State v. Packett*, 207 Neb. 202, 297 N.W.2d 762 (1980) (alibi not sufficient to dispute evidence of penetration). The trial court properly refused to instruct on the lesser-included offenses.

The judgment of the District Court is affirmed.

AFFIRMED.