STATE OF NEBRASKA, APPELLEE, V. INEZ GONZALES, APPELLANT.

366 N.W.2d 775

Filed May 3, 1985.    No. 84-692.

Charles F. Fitzke, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant-appellant, Inez Gonzales, a male person over the age of 19 years, was charged in an information with the crime of sexual assault in the first degree in that he did "subject a child of less than sixteen years of age to sexual penetration" on or about May 13, 1984, in Scotts Bluff County, Nebraska. Defendant pled not guilty to the charge. After jury trial defendant was

convicted of the charged crime and sentenced to 4 to 8 years in the penal complex. Defendant timely appealed, alleging as error that the trial court incorrectly instructed on the elements of the crime; that the trial court erred in failing to instruct on the allegedly lesser-included offense of sexual assault in the third degree; that the trial court erred "in admitting inadmissable [sic] hearsay testimony" before the jury; and that the trial court erred in refusing to direct a verdict in favor of defendant and dismiss the case because the State failed to prove the allegations of the information against defendant. We affirm.

Evidence before the jury included facts which, if believed by the jury, established that on the evening of May 12, 1984, and in the early morning hours of the next day, the victim of defendant's acts, a young boy 13 years old, was babysitting at the home of the boy's Aunt Melva. Defendant lived with the aunt and was the father of three of her four children. At approximately 2 a.m. on May 13, 1984, defendant returned alone to the house where the victim was babysitting. In a room separate from where the younger children were sleeping, defendant removed the victim's undershorts and placed the victim's penis into defendant's mouth. Later, defendant pushed the victim into a different room, knocked the victim onto the floor, and pushed defendant's penis into the victim's mouth. When defendant left the victim, the victim dressed quickly, went outside the house, and ran to his home, about one-half mile from the house where he had been babysitting. On his way to his home, running in the darkness, the victim was startled by the sound of a whistle, and thought he heard footsteps. The victim reached home and told his mother what had happened to him. His mother took the victim to the police station about 2:30 a.m., where the incident was reported to a police officer. The police officer saw that the victim was "on the verge of breaking down and crying several times" and that the victim was "[e]xtremely upset and disturbed."

At the trial the victim testified as to the actions of defendant as set out above. The police officer testified as to the victim's appearance at the police station. The victim's mother testified as to what her son, the victim, had told her. The mother's testimony was admitted in evidence, over defendant's

objection, as the relating of an excited utterance. Defendant's counsel cross-examined all but one of the State's witnesses. Defendant did not testify nor adduce any evidence.

Defendant's first and fourth assignments of error are based on defendant's contention, at 17 in his brief, that the State wishes "to believe that fellatio performed upon an 'actor' by a servient 'victim' amounts to a violation of Section 28-319, R.R.S. 1943 by the 'actor' . . . . [T]he statute under which the defendant herein was charged, does not criminalize the act of fellatio under those particular circumstances." Defendant's argument rests on the facts of the case showing that defendant forced his penis into the victim's mouth and that defendant forced the victim's penis into the defendant's mouth, and that in either event there has been no "sexual penetration," as defined in Neb. Rev. Stat. § 28-318(5) (Reissue 1979), because there was no "intrusion, however slight, of any part of the actor's body . . . into the genital or anal openings of the victim's body . . . ."

In taking that position defendant ignores the legislative definition of "sexual penetration," which, as set out in § 28-318(5), defines that term as "sexual intercourse in its ordinary meaning, cunnilingus, fellatio, anal intercourse, *or* any intrusion, however slight, of any part of the actor's body or any object manipulated by the actor into the genital or anal openings of the victim's body . . . ." (Emphasis supplied.) The term "sexual penetration," as defined by the Legislature for the purpose of proscribing the crime of sexual assault in the first degree, means more than actions constituting a penetration, as that term is ordinarily defined. For criminal purposes the crimes of sexual assault in the first degree and sexual assault in the third degree are clearly differentiated. "Sexual penetration," as defined above, is necessary for the crime of sexual assault in the first degree, while "sexual contact," as defined in § 28-318(4), is necessary for the crime of sexual assault in the third degree. The act of fellatio is a form of sexual penetration, by statutory definition, whether the victim's "intimate parts" (defined in § 28-318(2) as "the genital area, groin, inner thighs, buttocks, or breasts") are touched or not. In this case, where defendant has engaged the victim's mouth with the defendant's penis, the defendant has committed

fellatio and has thus been guilty of "sexual penetration."

Insofar as defendant alleges that the trial court did not correctly define the appropriate terms, the court's instructions told the jury that "[f]ellatio shall mean oral stimulation of the penis." The last five words of the definition are set out verbatim in Webster's Third New International Dictionary, Unabridged 836 (1968) in the definition of the term, preceded by the words "the practice of obtaining sexual satisfaction by . . . ." The court's definition is accurate. Even in this age, the court need not go into further and precise urogenital detail. Defendant's first and fourth assignments of error are without merit.

Defendant's second assignment of error is that the trial court erred in refusing to instruct the jury on the lesser-included offense of sexual assault in the third degree. This is another case where the State has offered uncontroverted evidence on an essential element of the crime. That evidence was not controverted in any way by the defendant's evidence nor evidence offered by any other witnesses (see *State v. Beasley*, 214 Neb. 918, 336 N.W.2d 601 (1983)), nor was it weakened in any way by defendant's cross-examination (see *State v. Schwartz, ante* p. 833, 366 N.W.2d 766 (1985)). Any lesser offense, under the testimony in this case, could only be determined by pure speculation of the jury as to what occurred other than the facts testified to. That speculation, not supported by any evidence, is not sufficient to require instructions on a lesser-included offense. *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978). The trial court was correct in refusing to instruct on a lesser offense.

Defendant's third assignment of error is that the trial court erred "in admitting inadmissable [sic] hearsay testimony" before the jury. As stated above, the victim's mother testified as to what the 13-year-old victim told her after running home after defendant sexually assaulted him. The victim's statement to his mother was admitted by the trial court as an excited utterance. It is clear that the victim's statements to his mother are hearsay as defined in Neb. Rev. Stat. § 27-801(3) (Reissue 1979) and ordinarily inadmissible under Neb. Rev. Stat. § 27-802 (Reissue 1979). Such hearsay statements, however, are admissible as exceptions to the general hearsay rule, as set out in Neb. Rev.

Stat. § 27-803 (Reissue 1979). Among the exceptions named is "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." § 27-803(1). In this case defendant contends that when the victim made the statement, the victim was under the exciting influence of fear caused by hearing a whistle in the dark—and not the excitement and fear of what defendant had just done to him. Such a contention is without any merit. Our society has not become so jaded as to believe that the startling event of what defendant had done to the victim had been erased from the victim's mind and replaced by the fear and excitement of a whistle in the dark. In *State v. Red Feather*, 205 Neb. 734, 289 N.W.2d 768 (1980), we held that the statement made by a young girl to police officers a short time after she was assaulted, relating to a sexual assault, qualified as an excited utterance. Similarly, in this case a statement made by a young boy to his mother, shortly after a sexual assault, is an excited utterance and admissible in evidence.

The judgment of the trial court, in all the challenged respects, was correct.

AFFIRMED.