STATE OF NEBRASKA, APPELLEE, V. THOMAS R. SCHWARTZ, APPELLANT.

366 N.W.2d 766

Filed May 3, 1985. No. 84-623.

Arthur C. Toogood of Toogood and McGath, for appellant.

Paul L. Douglas, Attorney General, and L. Jay Bartel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant-appellant, Thomas R. Schwartz, was charged in the district court for Adams County with second degree sexual assault, first degree false imprisonment, and two counts of theft of property valued at less than $100. He pleaded guilty to one count of theft and was convicted after a jury trial on the three remaining counts. He was sentenced to 6 to 10 years on the assault charge, 20 months to 5 years on the false imprisonment charge, and 6 months on each of the theft counts; all sentences to be served consecutively. We affirm in part and in part reverse and remand for a new trial.

The theft charge to which defendant pleaded guilty stemmed from an incident occurring at a lounge in Hastings, Nebraska, on December 3, 1983, shortly before the other incidents set out hereinafter. The charge as to which the plea of guilty was entered involves the theft of Barbara Johnson's purse. The other incidents involved a person other than Barbara Johnson. The defendant sat next to and conversed with Barbara Johnson from 7:30 to 8:30 on the evening of December 3, 1983, in the lounge. At approximately 8:30 p.m. Johnson got up to go to the restroom. When she returned, defendant and her purse were gone. After his plea of guilty on this charge, defendant was sentenced at the same time as he was sentenced on the other charges. Defendant's notice of appeal includes an appeal from the conviction and sentence of the crime of stealing Barbara Johnson's purse, but no error is assigned or discussed with regard to this conviction, and defendant's conviction of the theft of Barbara Johnson's purse as set out in count III is therefore affirmed.

Defendant's appeal is primarily directed to defendant's jury convictions on the other three counts against him. In the trial on those counts evidence was adduced before the jury which, if believed by the jury, established the following facts. Shortly before 9 p.m. on the same evening, December 3, 1983, the

victim (a female employee at the Woolworth store in the Imperial Mall in Hastings, Nebraska) was walking from her place of employment across the parking lot to her car to go home. The store at which she was employed is located in the same shopping center as the lounge at which defendant had been drinking and where defendant admitted stealing the purse of Barbara Johnson. The victim got into her car and started it. While she was waiting for the car to warm up, defendant opened the door and forced his way into the car. He held a knife at her throat, telling her not to scream. He then forced the victim to slide over into the passenger's seat and then drove her car to a different area of the parking lot, where he fondled the victim but did not have sexual intercourse with her. The victim's purse had been beside her in the car but could not be found after defendant left.

One week after the assault, while at work, the victim recognized defendant, who appeared to be staring at her in the store at which the victim was employed. She told her manager, who notified police. Defendant was apprehended a short time later. During a search of defendant's truck, done with defendant's written consent, police found two necklaces which were identified by the victim as having been in her purse on the evening of December 3, 1983.

We first address defendant's assignment of error that the trial court erred in finding that the appeal was frivolous, and in therefore denying defendant the right to proceed in forma pauperis. Defendant's position is correct. The statute upon which the denial was based, Neb. Rev. Stat. § 25-2308 (Reissue 1979), should not be used by a district court to deny a defendant his constitutional right to appeal in a felony case. Neb. Const. art. I, § 23. The constitutionality of § 25-2308 is not before us. In this case the trial court erred in denying defendant the right to proceed in forma pauperis. However, as the case is now before us, we hold that the error is harmless.

We next turn to defendant's contention that the trial court erred in failing to instruct the jury on the lesser-included offenses of sexual assault in the third degree and false imprisonment in the second degree, although defendant had requested such instructions. Defendant's argument as to the

former is persuasive. An instruction should have been given on the offense of third degree sexual assault as a lesser-included offense of the offense of second degree sexual assault.

Subsection (1) of Neb. Rev. Stat. § 28-320 (Reissue 1979) provides in part: "Any person who subjects another person to sexual contact and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception . . . is guilty of sexual assault in either the second degree or third degree." Subsection (2) provides that the sexual assault is in the second degree "if the actor shall have caused serious personal injury to the victim," while subsection (3) provides that it is in the third degree "if the actor shall not have caused serious personal injury to the victim." Serious personal injury is defined in Neb. Rev. Stat. § 28-318(3) (Reissue 1979) as meaning "great bodily injury or disfigurement, extreme mental anguish or mental trauma, pregnancy, disease, or loss or impairment of a sexual or reproductive organ." The jury was so instructed.

In *State v. Tamburano*, 201 Neb. 703, 705, 271 N.W.2d 472, 474 (1978), we defined a lesser-included offense as "one which must be committed if the greater offense is committed or, put slightly different, is one which is fully embraced in the higher offense."

The applicable statute defines the crimes of sexual assault in the second degree and in the third degree in exactly the same words—indeed, in the same definition. The only differentiating factor between the two crimes is the causing of "serious personal injury" in the one case, and the lack of causing such injury in the lesser crime. Thus, third degree sexual assault is fully embraced within the statutory definition of second degree sexual assault, with only the additional factor of the inflicting of "serious personal injury" making some conduct a greater crime and the same conduct, without inflicting such "serious personal injury," a lesser crime. It is the addition of one element—the inflicting of serious personal injury—that determines the level of culpability of a defendant's conduct.

Defendant is entitled to have the jury instructed on the lesser offense "if, under a 'different but reasonable' view, the evidence would be sufficient to establish guilt of the lesser offense and leave a reasonable doubt as to some element

included in the greater offense but not the lesser." *State v. Beasley*, 214 Neb. 918, 923, 336 N.W.2d 601, 604 (1983). It is the application of this principle that presents the difficulty in this case. We have said, "Evidence which requires the submission of a lesser-included offense is necessarily left to a case-by-case basis. It is sufficient to say that that evidence does not rise to that required level by speculating that an essential element uncontroverted in the evidence may be disbelieved by the jury." 201 Neb. at 708, 271 N.W.2d at 475.

In the instant case the jury could have concluded, under a "different but reasonable view" of the evidence, that the victim did not suffer serious personal injury. The personal injury constituting the additional element of the greater offense is the mental trauma suffered by the victim. She testified that she had trouble sleeping at night. The psychiatrist testified that, in his opinion, she suffered mental trauma and extreme mental anguish. On cross-examination he acknowledged that any woman subjected to a sexual assault would experience mental trauma and that the extent of the trauma was based on the nature of the act. He also related that while the victim suffered recurring fears that affected her social life, she had worked at two jobs after the assault, up through the Christmas shopping season. He also testified that the victim sought no treatment from any psychiatrist until she was asked to see the testifying psychiatrist by the county attorney, 5 weeks after the incident. The witness' treatment of the victim consisted of four monthly interviews. The psychiatrist also testifed in cross-examination as follows:

> Q. And, so, if someone was subjected to some type of sexual assault and as a result thereof required to be in an institution, would you say that that would be extreme mental trauma?
> A. I would think so, yes, Sir.
> Q. But [the victim's] case was not that severe; is that right?
> A. She was able to stay out of the hospital, yes.

As was stated in *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978), the question of whether instruction on a lesser-included offense should be given must necessarily be left to a case-by-case basis. Further, as was stated above,

*Tamburano* requires that submission of a lesser offense not be based on mere speculation that the jury will disbelieve the evidence. The evidence in this particular case required submission of the third degree sexual assault instruction. The cross-examination of the psychiatrist put before the jury additional facts concerning the degree of injury inflicted and weakened his direct testimony enough to allow a jury to find that there was no serious personal injury. This goes beyond the "mere speculation" disapproved of in *Tamburano*.

While the particular facts in *State v. Beasley, supra,* required the defendant to offer some evidence directly disputing the additional element, if there is evidence in some form (whether it be evidence offered by defendant, evidence developed in cross-examination of the State's witnesses, or evidence adduced from other witnesses) before the jury, which directly disputes the additional element differentiating the same conduct as to degree, an instruction on the lesser-included offense is proper. Serious personal injury is a matter of degree and, except in extreme circumstances, must be left to the jury to determine whether serious personal injury occurred. Defendant was entitled to have the lesser offense submitted to the jury.

Defendant's argument that the jury should have been instructed on false imprisonment in the second degree is without merit. False imprisonment in the first degree is differentiated from false imprisonment in the second degree by the requirement of the former that the victim be restrained "under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury." Neb. Rev. Stat. § 28-314 (Reissue 1979). There was no evidence contradicting the fact that a knife was held against the victim's throat during the entire time defendant was transporting her, and no evidence contradicting the fact that such conduct exposed the victim to the risk of serious bodily injury, and that such conduct constituted "terrorizing circumstances." Under *Tamburano, supra,* submission of a lesser-included offense cannot be premised on mere speculation. The trial judge properly refused the instruction as to false imprisonment in the second degree.

Defendant's next assignment of error is that imposition of

consecutive sentences on the false imprisonment and sexual assault charges violates the double jeopardy clause. Since defendant's conviction on the sexual assault charge has been reversed and remanded for a new trial, it is inappropriate to consider this assignment at this time, since consecutive sentences on the challenged charges are not before us. Similarly, in view of the fact of the remand for new trial on one count, it is inappropriate to consider defendant's allegation that his sentences, imposed consecutively, result in an excessive sentence.

Defendant's final assignment of error is that the trial court's decision is not supported by sufficient evidence. This contention, though assigned as error, was not addressed in the brief. This court limits its consideration of assignments of error to those which are discussed in the brief. *State v. Evans*, 215 Neb. 433, 338 N.W.2d 788 (1983). In ruling on defendant's other assignments of error, however, we have examined the entire record, and the evidence before the jury (portions of which are discussed above) is more than sufficient to establish defendant's guilt as to each charge.

The convictions and sentences on the false imprisonment and theft counts are affirmed. The conviction and sentence on the sexual assault (count I) are vacated, and the cause is remanded for a new trial as to that count.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR A NEW TRIAL.

WHITE, J., dissenting in part.

The victim of a brutal sexual assault was not required to be hospitalized. From that weak twig the majority builds a tree. No evidence was offered to dispute the psychiatrist's view that the victim suffered severe personal injury, i.e., mental trauma.

The majority has severely weakened the doctrine announced in *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978), and expanded in *State v. Beasley*, 214 Neb. 918, 336 N.W.2d 601 (1983). No facts were adduced to dispute the assertion that serious personal injury occurred. The jury was faced only with the choice of belief or disbelief. Therefore, appellant was not entitled to the requested instruction.

I would affirm.