STATE OF NEBRASKA, APPELLEE, V. JOHNNY LEE BUSTER, APPELLANT.

422 N.W.2d 373

Filed April 29, 1988. No. 87-555.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays, for appellant.

Robert M. Spire, Attorney General, and Lisa D. Martin-Price, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

The defendant was convicted by a jury of theft by shoplifting under Neb. Rev. Stat. § 28-511.01 (Reissue 1985). He was sentenced to an indeterminate term of incarceration of not less than 20 months nor more than 3 years, whereupon he instituted this appeal.

The defendant assigns error in that the district court refused to instruct the jury on the lesser-included offense of attempted shoplifting.

The record reveals that on December 11, 1986, Jeff

Bixenmann, head of the loss prevention department at ShopKo, observed a male in the ladies' department throwing items into his cart without checking their prices or sizes. Because of this unusual behavior, he called employee Keith Albert to also observe. They watched the defendant walk to the car stereo display, select a car stereo, and place it in a ShopKo sack in the bottom of his cart. The defendant then attempted to take off the shelf a VCR which was on display. The cord on the VCR was secured behind the display, so the defendant left the area and came back with a pair of wirecutters which he had obtained from another area of the store. The defendant cut the cord on the VCR, placed the VCR in the ShopKo bag in his cart, and secured the end of the sack.

While the defendant procured the wirecutters, Bixenmann looked into the sack in the defendant's cart and saw a car stereo, a ladies' jacket, and some lingerie. He then followed the defendant, who was pushing the cart, through the store. The defendant went past the cash registers, pulled his cart through the first set of exit doors, and was stopped by store security personnel.

The defendant was convicted under § 28-511.01, which provides in part:

> A person commits the crime of theft by shoplifting when he or she, with the intent of appropriating merchandise to his or her own use without paying for the same or to deprive the owner of possession of such property or its retail value, in whole or in part . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment . . . .

The defendant in this case did not testify, and the record reveals no evidence which would support a finding of attempted shoplifting. There was nothing to suggest that the defendant had taken a substantial step but not yet completed the crime as defined in § 28-511.01. See Neb. Rev. Stat. § 28-201 (Reissue 1985) (criminal attempt). As we stated in *State v. Brown*, 225 Neb. 418, 430, 405 N.W.2d 600, 608 (1987), " 'it is not prejudicial error to not instruct upon a lesser offense when the evidence entirely fails to show an offense of a lesser degree than that charged in the information.' " See, also, *State v.*

*Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978). The trial court was correct in refusing the requested instruction.

The defendant further contends that the district court abused its discretion in refusing to place the defendant on probation and instead imposing a sentence which was excessive and disproportionate to the severity of the offense. The sentence is within the statutory limits for a Class IV felony. See Neb. Rev. Stat. § 28-105 (Reissue 1985). After a careful review of the record, we find no abuse of discretion in the imposition of sentence. The judgment and sentence are affirmed.

AFFIRMED.