STATE OF NEBRASKA, APPELLEE, V. JESSE E. NARCISSE, APPELLANT.

438 N.W.2d 743

Filed April 14, 1989.    No. 88-426.

Miles W. Johnston, Jr., for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant has appealed from convictions of first degree sexual assault and first degree false imprisonment, following a trial by jury. He assigns as errors the insufficiency of the corroboration testimony and the refusal of the trial court to give instructions on lesser-included offenses. We affirm.

A verdict in a criminal case must be sustained if the evidence,

viewed and construed most favorably to the State, is sufficient to support that verdict. *State v. McDonald*, 230 Neb. 85, 430 N.W.2d 282 (1988).

On the evening of June 16, 1987, the defendant offered the victim a ride to McDonald's restaurant, where she desired to use the public telephone. The victim thought she knew the defendant through her brother so she got into the defendant's car. Instead of taking her to the phone booth, the defendant drove the victim to a dark isolated area near some grain elevators.

The defendant parked the car and locked it. The victim was able to take note of the interior of the automobile and items inside the car. The defendant made advances to the victim, and the two struggled briefly, during which time the defendant yanked the victim's hair, bit her neck, brandished his fist, and threatened to hit her. During this time, the defendant removed a gold ring from his finger and placed it in his pants pocket.

The defendant then sexually assaulted the victim. She testified that he inserted his fingers into her vagina, placed his penis into her vagina, and inserted his finger into her anus.

The victim was eventually able to escape from the car. She ran until she reached a liquor store, where she called police. She provided a description of the defendant, as well as of the interior and exterior of the car and its contents. The next evening the victim identified the defendant from a photo array. She later also identified the defendant's car. Inside the car were the items that the victim described.

When questioned, the defendant first admitted being in the vicinity where the victim testified that she was picked up, but denied that he had talked to anyone or picked anyone up. He gave the police permission to search his residence, where a pair of his pants were recovered which contained the gold ring in a pocket, as described by the victim.

After being arrested and read his *Miranda* rights, the defendant was again questioned by the police. This time he stated that he had been with the victim, but that she had gone with him willingly and that all sexual contact was consensual. He admitted kissing the victim and feeling between her legs, but denied any penetration. He also stated that the victim had asked

for money when they were finished.

The defendant later admitted that he had inserted his finger into the victim's vagina and that he had unsuccessfully attempted to penetrate her vagina with his penis. He continued to maintain that all contact with the victim had been consensual on her part.

The defendant has type O blood, and the victim's blood type is A. The forensic serologist testified that fingernail scrapings of the defendant revealed the presence of type A secretions other than blood (e.g., vaginal secretions, tears, or other tissues); therefore, the secretion had to have come from a person other than the defendant—someone, like the victim, with blood type A.

Defendant's claim that the victim's testimony was not sufficiently corroborated is without merit. This court has held many times that in a sexual assault case the victim need not be independently corroborated on the particular acts constituting the sexual assault, but must be corroborated on the material facts and circumstances tending to support the victim's testimony about the principal fact in issue. *State v. Antillon*, 229 Neb. 348, 426 N.W.2d 533 (1988). The reporting by the victim in *Antillon* to an uncle and a caseworker was held sufficient corroboration. Here, the victim called the police. Although she was reluctant to talk to the first officer who arrived on the scene, a man, she did provide him with a rough description of the defendant and his car, and as soon as a female police officer arrived, the victim related the account of the sexual assault.

In *State v. Wounded Arrow*, 207 Neb. 544, 551, 300 N.W.2d 19, 24, (1980), this court stated that "[i]t is not necessary that the victim of the assault make the complaint at the first available opportunity . . . . It is only necessary that the complaint be within a reasonable amount of time following the assault."

We note in passing that although 1989 Neb. Laws, L.B. 443, which repealed Neb. Rev. Stat. § 29-2013 (Reissue 1985) and which was passed with the emergency clause and signed by the Governor on March 14, 1989, eliminates the requirement of corroboration of the victim's testimony in a sexual assault case,

clearly sufficient corroboration existed in this case.

Defendant's claim that the trial court should have instructed the jury on the lesser-included offenses of sexual assault in the second and third degrees is wholly without merit. As defined by Neb. Rev. Stat. § 28-319 (Reissue 1985), sexual assault in the first degree differs from the crimes of second degree and third degree sexual assault in that only in first degree sexual assault does the State have to prove that the actor subjected the victim to sexual *penetration*. The defendant argues that there was a reasonable doubt as to whether penetration had occurred in this case, and, hence, the defendant was entitled to have the jury instructed on the lesser-included offenses.

His contention in this regard is simply incorrect. True enough, the victim's testimony standing alone perhaps could be disbelieved by the jury on the issue of penetration. However, defendant overlooks the fact that he *admitted* that he had inserted his finger into the victim's vagina and that he had unsuccessfully attempted to penetrate her vagina with his penis. The defendant's statement in his brief that "[i]t appears from the record that the only evidence that the state put on regarding sexual penetration was that of the alleged victim" is clearly erroneous. Brief for appellant at 7.

This court's language in *State v. Brown*, 225 Neb. 418, 430-31, 405 N.W.2d 600, 608 (1987), quoting from *State v. Beasley*, 214 Neb. 918, 336 N.W.2d 601 (1983), is dispositive of the defendant's argument:

"Generally, it is not prejudicial error to not instruct upon a lesser offense when the evidence entirely fails to show an offense of a lesser degree than that charged in the information. [Citation omitted.] In *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978), a prosecution for sexual assault in the first degree, the only testimony regarding penetration was that of the victim. The defendant did not testify and argued that the jury should have been instructed on second degree sexual assault. We held that when the State offers uncontroverted testimony on an essential element of a crime, mere speculation that the jury may disbelieve the testimony does not entitle the defendant to an instruction on a lesser-included offense. . . ."

Defendant claims that the trial court refused to give instructions on the lesser-included offenses of the crimes which the defendant was convicted of, and states in his argument heading in his brief that the court "erred in failing to give instructions on the lesser-included [offense] of . . . 2nd degree false imprisonment." Brief for appellant at 6. However, nowhere in the defendant's brief does he discuss this alleged error, nor does it appear that he objected to the lack of such an instruction at the trial level, nor did he make such an argument in his motion for new trial.

An issue not presented to or passed upon by the trial court is not appropriate for consideration on appeal. *State v. Blair*, 230 Neb. 775, 433 N.W.2d 518 (1988); *First Nat. Bank v. Rickel, Inc.*, 229 Neb. 478, 427 N.W.2d 777 (1988). Furthermore, assigned errors not discussed are not considered by this court. *State v. Blair, supra*; *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986).

The judgment of the district court is affirmed.

AFFIRMED.