STATE OF NEBRASKA, APPELLEE, V. STEPHEN M. WILLIAMSON,
APPELLANT.
458 N.W.2d 236
Filed July 27, 1990.   No. 89-1164.

Christopher I. Hansen, of Healey, Wieland, Kluender, Atwood, Jacobs & Geier, for appellant.

Robert M. Spire, Attorney General, and Marie C. Pawol for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Appellant, Stephen M. Williamson, was charged in the district court for Lancaster County with the offense of first degree sexual assault on a child, a Class II felony. A jury found him guilty of the offense as charged. The trial court sentenced him to a term of 15 to 40 years in the Nebraska Department of Correctional Services. Williamson appeals. We affirm.

A number of errors are assigned, which we condense as follows: The district court's (1) admission in evidence of letters written by the appellant after the offense and discovered by penal authorities during regular mail inspection; (2) admission in evidence of the victim's reports of the incident; (3) refusal to give instructions on lesser-included offenses; and (4) failure to dismiss the information and subsequent failure to grant posttrial motions based on insufficiency of evidence to sustain a conviction.

In reviewing a criminal case for alleged insufficiency of the evidence, the State is entitled to have all relevant evidence favorable to the State treated as true, as well as to have every beneficial inference reasonably deducible from that evidence.

*State v. Katzman*, 228 Neb. 851, 424 N.W.2d 852 (1988).

The evidence discloses that on November 27, 1987, the victim, a 10-year-old male, accompanied his stepfather, Williamson, in his car to an abandoned residence near Pioneers Park in Lincoln, Nebraska. The victim was "made" to go by Williamson. On arrival, the victim was ordered into the back seat of the car and directed to remove his clothing. Williamson lowered his trousers to his knees and directed the victim to lie down on his back. Williamson then "[p]ut his mouth on [the victim's] private." The victim testified that his penis went inside Williamson's mouth. The victim told his mother that "Steve done it again" and testified that Williamson had on a number of occasions "touched [the victim's] private" with "[h]is hand and mouth." The victim's brother testified that Williamson had fondled him a number of times.

The offenses against the victim were discovered on the inspection of Williamson's mail by authorities at the penal complex. The receipt in evidence of the pertinent parts of those letters is the subject of the first assignment of error. In a letter dated June 11, 1988, Williamson wrote the following:

> Have you been thinking about what we talked about with [the victim] & [the victim's brother] if so who first you & them or me & one of them? . . . i can'nt help but wander what it would be like you with one of them or what it would be like with all 4 four of us at once. don't you? First it will be me & you then you & them then me & them then all 4 four ok? . . . Are you still going to get [the victim's brother's] hole biger with your finger & dildoe so when i get out he fittes in without ripping him open . . . .

On June 26, he wrote:

> It hert me to much keeping it from you about [the victim] & [his brother] thats why i told you ok? But i at least would like to put it in [the victim] & [his brother] one time ech befor i stop all together ok? I can'nt stop right away but with your help i'll be able to stop shortly after being out of hir ok? thats the only help i need to stop fucking around with them & that is from you benita. ok pleas?

Counsel for appellant contends that the receipt of the letters was error, since the excerpts referred to planned future acts and

therefore did not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Neb. Rev. Stat. § 27-401 (Reissue 1989), and, further, that the letters were an impermissible attempt to show evidence of other crimes or wrongs simply to demonstrate that Williamson was a bad person. Neb. Rev. Stat. § 27-404(2) (Reissue 1989) provides that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

We have no hesitancy in agreeing with the trial court that the evidence was relevant under § 27-401 and, further, that the evidence was admissible as tending to prove intent, motive, or plan. We further observe that at least significant portions of the excerpts were admissible as admissions by a party. See Neb. Rev. Stat. § 27-801(4)(b)(1) (Reissue 1989).

Even if the letters were admissible, appellant contends that the probative value of the letters is substantially outweighed by the danger of unfair prejudice.

The letters admitted at trial were clearly damning. Indeed, all evidence tending to establish guilt and especially incriminating admissions can be said to be prejudicial. See *State v. Wilson*, 225 Neb. 466, 406 N.W.2d 123 (1987). Can it be said that this prejudice is caused by the damaging contents of the letters themselves or by some improper basis? The former is demonstrably true. The trial court did not err in admitting the letters. The first assignment is meritless.

The second assignment of error relates to the admission in evidence of certain reports of the incident made by the victim or others. The appellant's counsel argues that since corroboration is no longer required in sexual offense cases, Neb. Rev. Stat. § 29-2028 (Reissue 1989), reports of the crime to others are inadmissible.

Initially, we note § 29-2028 does not make testimony concerning corroboration inadmissible; the statute only states

that corroboration shall not be *required*. We note further that the statements were offered not for the truth of the assertions, but were offered to prove that the statements were made, and thus they are not hearsay. See Neb. Rev. Stat. § 27-801 (Reissue 1989). See, also, *State v. Wilson, supra*. In any event, the evidence which appellant finds objectionable was in response to questions asked of the victim by appellant's counsel. No evidence of reports to others was proffered by the State on direct examination. However, on cross-examination the following questions and answers were elicited by the defense:

Q. Okay. You had mentioned earlier that Leroy Painter is your grandpa?

A. Yes.

Q. Is that right?

A. Yes.

Q. And have you ever talked with Leroy Painter about any of this?

A. I don't think so.

Q. Have you ever talked with your Grandma Charlotte about any of this?

A. No.

. . . .

Q. . . . When you were in Omaha, do you remember if you ever told anybody about being abused in any way, anybody in the school system that you were hit by anybody?

A. No.

In response, the State on redirect asked the victim about reports made to others. The trial court did not abuse its discretion by allowing the fact of reports to others to be testified to by the victim. The second assigned error is without merit.

In his third assignment of error, appellant contends the trial court erred in refusing to instruct on the lesser-included offenses of second or third degree sexual assault or sexual assault of a child. The appellant did not testify, and the only evidence offered tended to prove (if believed) the commission of sexual assault of a child in the first degree. So far as is pertinent here, Neb. Rev. Stat. § 28-319 (Reissue 1989) provides: "(1) Any person who subjects another person to

sexual penetration and . . . the actor is nineteen years of age or older and the victim is less than sixteen years of age is guilty of sexual assault in the first degree." Neb. Rev. Stat. § 28-318 (Reissue 1989) states that "[s]exual penetration shall mean . . . fellatio."

As no contrary evidence of a lesser charge was presented which would produce a rational basis whereby the jury could have found the appellant guilty of the lesser charge and innocent of the greater, the failure to submit a lesser-included charge was not erroneous. *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978); *State v. Beasley*, 214 Neb. 918, 336 N.W.2d 601 (1983). The third assignment of error has no merit.

The fourth assignment of error relates to whether the evidence, if believed, was sufficient to prove the defendant guilty of the crime charged. In light of the favorable view we take of the State's evidence after conviction, it is obvious that this assignment is also without merit.

Therefore, all assignments of error having been found to be without merit by this court, the judgment of the trial court is affirmed.

AFFIRMED.