STATE OF NEBRASKA, APPELLEE, V. CLINTON D. FAATZ, APPELLANT.
452 N.W.2d 751

Filed March 23, 1990.    No. 88-946.

Kirk E. Naylor, Jr., for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a jury verdict of guilty in the Boyd County District Court. We affirm.

At approximately 10:30 p.m. on April 24, 1988, defendant knocked on the victim's front door, asking to use the phone because his car had broken down. The victim, an 80-year-old widow, allowed the defendant into her home. The defendant, who appeared to be intoxicated, used the phone in the kitchen, then returned to the front room. After making conversation for several minutes, the defendant grabbed and sexually assaulted the victim. The victim then ran outside and yelled for help, but defendant caught her and held his hand over her mouth. Defendant fled when he saw headlights from an approaching vehicle. The victim ran back to her house, where she telephoned her son for help. He arrived shortly thereafter and took her to

the hospital.

Defendant returned to his pickup, which was stranded in a ditch near the victim's home. The Boyd County sheriff later discovered defendant asleep in the pickup and arrested him. The next day, defendant gave both an oral and a written statement to the sheriff and a State Patrol investigator.

Defendant was subsequently charged with first degree sexual assault. The case was tried to a jury. Both the victim and the defendant testified. The oral statement and the written statement were received into evidence. The State did not introduce the results of the "rape kit" or a doctor's report. Near the end of the trial, defendant requested the jury be instructed on third degree sexual assault and attempted first degree sexual assault. This request was refused, and the jury was instructed only on first degree sexual assault. The jury returned a guilty verdict, and defendant now appeals.

On appeal, defendant's sole assigned error is the trial court's refusal to instruct the jury on the offenses of third degree sexual assault and attempted first degree sexual assault.

This court has previously stated that when a defendant requests the trial court to submit a lesser-included offense in the instructions, the trial court must submit all included offenses as to which the evidence is sufficient to support a verdict. *State v. Martin*, 232 Neb. 385, 440 N.W.2d 676 (1989). The trial court is not required to give a jury instruction where there is insufficient evidence to prove the facts claimed. *State v. Sutton*, 231 Neb. 30, 434 N.W.2d 689 (1989). Generally, it is not prejudicial error to not instruct upon a lesser-included offense when the evidence entirely fails to show an offense of a lesser degree than that charged in the information. *State v. Narcisse*, 231 Neb. 805, 438 N.W.2d 743 (1989). When a defendant is charged with first degree sexual assault under Neb. Rev. Stat. § 28-319 (Reissue 1989), "[t]he issue is not whether the defendant had sexual intercourse with the victim; rather, the issue is whether the defendant achieved even the slightest penetration." *State v. Martin, supra* at 395, 440 N.W.2d at 684.

In the present case, the victim unequivocally testified that defendant achieved penetration. In his written statement, defendant recounted his version of the assault:

Then alittle [sic] while later I just started getting obnoctious [sic] and rude towards [the victim]. After a little while I stood up and helped picked [sic] [the victim] up off of the couch and then layed [sic] [the victim] down on the floor. I don't remember if I took down [the victim's] pants or my pants first then proceeded to have sex. [The victim] said My God Man your [sic] crazy and after I tried to get it in [the victim] said you can't even keep it hard. After a little while I got up, pulled up my pants and left [the victim's] house.

Defendant was also asked at trial whether the State Patrol investigator questioned him about having sex with the victim. Defendant replied:

A. Yeah, he asked me, he said, "Do you think that you had sex with [the victim]," or something like that, and I said, "I don't know." I said, "I don't know, I could have." I said, "I don't know."

Q. But you never did tell him that you did have?

A. No, I didn't know.

No evidence was introduced which contradicted the victim's testimony that the defendant achieved penetration. The defendant merely testified that he did not know if he penetrated the victim. This evidence does not contradict the victim's testimony in regard to the element of penetration. Where the State offers uncontroverted testimony on an essential element of a crime, mere speculation that the jury may disbelieve the testimony does not entitle the defendant to an instruction on a lesser-included offense. *State v. Martin, supra*; *State v. Narcisse, supra*. The trial court did not err in refusing to give jury instructions on the lesser-included offenses of third degree sexual assault and attempted first degree sexual assault. The jury's verdict is affirmed.

AFFIRMED.