STATE OF NEBRASKA, APPELLEE, V. WILLIAM G. MASSA,
APPELLANT.
493 N.W.2d 175

Filed December 18, 1992.    No. S-91-648.

Dennis R. Keefe, Lancaster County Public Defender, Robert
G. Hays, and Kristi J. Egger for appellant.

Don Stenberg, Attorney General, and James A. Elworth for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Following a jury trial in the district court for Lancaster County, William G. Massa was convicted of possession of marijuana with intent to deliver, a Class III felony, and possession of lysergic acid diethylamide (LSD), a Class IV felony. Massa was sentenced on count I, the marijuana conviction, to 5 years' probation with 6 months' incarceration conditioned on probation. Massa was sentenced on count II, the LSD conviction, to 2 years' probation with 90 days' incarceration conditioned on probation. The court ordered the probation periods to run concurrently and the conditional jail time to be served consecutively.

Massa's assignments of error summarily assert that his convictions should be reversed or remanded because there was insufficient evidence to support the verdicts, because the trial court refused to instruct the jury on the lesser-included offense of simple possession of marijuana, and because the trial court erred in overruling the defendant's objections to certain jury instructions.

The Nebraska State Patrol was investigating Romona Alvaro for selling marijuana and hoped to find Alvaro's drug source. On the morning of June 23, 1990, a confidential informant accompanied Alvaro while she purchased marijuana from the defendant's girl friend, Michelle Daffer. The informant was wearing a radio transmitter for the investigation. The purchase took place at a residence leased to Daffer, and arrangements were made for a second sale later that afternoon. Defendant Massa was not present during the morning sale.

Narcotics investigators obtained a search warrant based on the morning sale. The supporting affidavit for the warrant described Daffer's involvement in drug transactions, but did not name or refer to Massa. When law enforcement personnel executed the warrant that afternoon, Massa opened the door to

the residence. Daffer was found hiding in the basement.

A search of the living room uncovered what were later verified to be illegal controlled substances. Hidden under the couch was a cookie tin containing nine baggies of marijuana, a hand-held scale, and various drug paraphernalia. Two squares of LSD were found in plain view on a table in the living room. Various small amounts of loose marijuana were found in several areas in plain view in the living room. A search of the rest of the house uncovered a small baggie of marijuana in a leather jacket located among women's clothing in an adult's bedroom closet. A search of Massa disclosed $532.88 in cash, a pipe, and a baggie of marijuana in his jeans pocket.

The officers also found evidence relating to Massa's use of the house as a residence. Testimony and photographs were offered at trial to disclose his motorcycle parked outside the residence, a bedroom closet full of men's clothing, and a picture on a bedroom dresser of Massa, Daffer, and Daffer's son. A receipt bearing Massa's name, but a different address, and an envelope addressed to Massa at another address were found. A registration to a vehicle owned by Massa that listed a Denton, Nebraska, address was found in the cookie tin hidden under the couch. A roll of film found on the premises was later developed and revealed one photograph of Massa coming out of the shower at the residence, plus four other photographs depicting Massa outside of the residence.

At trial, an investigating officer testified that nine baggies containing approximately one-quarter ounce each of suspected marijuana were recovered from the cookie tin found hidden under a couch at the residence. Two narcotics investigators testified that in their experience, this packaging was consistent with distribution rather than personal use. The State Patrol's forensic drug chemist verified that the suspected LSD found in the residence and the suspected marijuana found in Massa's jeans pocket were in fact LSD and marijuana. The chemist also stated that he weighed each baggie of marijuana as part of his routine examination and that the weight of each separate exhibit of marijuana was marked on the outside of the plastic baggies or envelopes when they were resealed. These baggies and envelopes, along with their contents, were offered and

admitted at trial.

On Massa's behalf, his employer testified that he paid the defendant his weekly wages of $300 in cash on June 23, 1990. The employer further stated that he let Massa live in a backroom at his place of business. Daffer testified that Massa did not reside at her house, but only occasionally stayed there, and that some of the clothes in the closet belonged to her ex-husband. She also testified that except for the marijuana found on Massa's person, the LSD and the marijuana in the house belonged to her, and that she alone was involved in packaging and selling the marijuana.

The defendant asserts that the court erred in overruling his motion to dismiss at the close of the State's case and in overruling his motion for directed verdict at the close of the evidence. He also claims that his convictions were not supported by sufficient evidence and were contrary to law.

A defendant who moves for dismissal or a directed verdict at the close of the State's case, proceeds with trial, and introduces evidence waives any error in the ruling on that motion for dismissal or directed verdict, but may challenge sufficiency of the evidence for the defendant's conviction. *State v. Back*, 241 Neb. 301, 488 N.W.2d 26 (1992).

The information filed against Massa contained two counts. Count I alleged that Massa unlawfully and knowingly possessed marijuana with the intent to deliver. Count II alleged that Massa unlawfully and knowingly possessed LSD. The defendant asserts that except for the marijuana found on his person, the evidence was insufficient to establish that he exercised control or dominion over either the marijuana or the LSD seized from the residence of Daffer.

On a claim of insufficiency of the evidence, an appellate court will not set aside a guilty verdict in a criminal case if the verdict is supported by relevant evidence. *State v. Osborn*, 241 Neb. 424, 490 N.W.2d 160 (1992). On review, the State is entitled to have all its relevant evidence accepted as true, the benefit of every inference reasonably drawn from the evidence, and every controverted fact resolved in its favor. *Id.* Furthermore, circumstantial evidence is sufficient to support a conviction if such evidence and the reasonable inferences that

may be drawn therefrom establish guilt beyond a reasonable doubt. *State v. Hanger*, 241 Neb. 812, 491 N.W.2d 55 (1992).

The State introduced evidence, as noted above, to show that the defendant resided at the house on more than a casual basis, that the marijuana was packaged for distribution, that Massa's vehicle registration slip was found in the cookie tin along with the nine bags of marijuana, that the LSD was in plain view in the living room where the defendant was present, and that the defendant had an unusually large amount of cash on his person. From this evidence, the jury could reasonably infer that Massa was aware of the presence of the controlled substances, that Massa exercised dominion and control over the marijuana with the intent to distribute, and that Massa exercised dominion and control over the LSD with the intent to possess.

An appellate court may set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt only where the evidence lacks sufficient probative force as a matter of law. *State v. Back, supra.* We find that the evidence offered by the State, when taken as a whole, was sufficient to establish beyond a reasonable doubt that the defendant maintained dominion and control over the controlled substances as required to support the verdicts.

The defendant next asserts that the court erred in refusing to instruct the jury on the lesser-included offense of simple possession of marijuana. The State emphasizes that simple possession of marijuana requires the State to prove the weight of the marijuana as an element of the offense, while weight is legally an irrelevant element to the offense of possession with intent to deliver. The State argues that this inconsistency in the elements of the two crimes precludes a finding that simple possession of marijuana is a lesser-included offense of possession with intent to deliver. Conversely, the defendant argues that the weight of the marijuana for simple possession of marijuana is necessary only for determining the penalty and is not wholly dispositive of a lesser-included offense finding.

The pertinent language of Neb. Rev. Stat. § 28-416 (Reissue 1989), which was in effect at the time of the defendant's arrest and has since been renumbered, delineates the statutory violations for simple possession and possession with intent to

deliver:

(1) . . . [I]t shall be unlawful for any person knowingly or intentionally: (a) To . . . possess with intent to . . . deliver . . . a controlled substance . . . .

. . . .

(6) Any person knowingly or intentionally possessing marijuana weighing more than one ounce but not more than one pound shall be guilty of a Class IIIA misdemeanor.

(7) Any person knowingly or intentionally possessing marijuana weighing more than one pound shall be guilty of a Class IV felony.

(8) Any person knowingly or intentionally possessing marijuana weighing one ounce or less shall:

(a) For the first offense, be guilty of an infraction . . . .

(b) For the second offense, be guilty of a Class IV misdemeanor . . . .

(c) For the third and all subsequent offenses, be guilty of a Class IIIA misdemeanor . . . .

While both parties would prefer that this court definitively classify a lesser-included offense instruction in relation to simple possession and possession of a controlled substance with intent to deliver, this we decline to do. Under the cognate-evidence approach redefined by this court in *State v. Garza*, 236 Neb. 202, 459 N.W.2d 739 (1990), a lesser-included offense determination is based on the elements of the crime as charged in the information, as well as the evidence averred to in the information, and the facts of the case which could reasonably support the charge. The lesser-included offense determination is neither solely controlled nor exclusively dictated by the specific statutory elements of the crimes themselves. See *id*.

The cognate-evidence approach necessarily requires a case-by-case determination and compels the court to ask the following questions: First, considering the statutory elements of both the greater and the lesser offenses in light of the facts alleged and presented at trial, could the jury reasonably believe that the defendant was guilty of a lesser offense while concurrently finding the evidence insufficient to support a

conviction on the greater offense? If the answer is yes, a lesser-included offense instruction is indicated.

Once a lesser-included offense determination has been made, the second question is whether it is appropriate for the trial court to submit the lesser-included offense instruction to the jury. When the defendant offers evidence to controvert one of the elevating elements of the greater offense or when the defense asserts an alibi or an insanity defense, but evidence nonetheless appears in the record to controvert one of the elevating elements, the court should submit the requested lesser-included instruction to the jury. See *State v. Jeffries*, 430 N.W.2d 728 (Iowa 1988). The failure of a trial court to grant a requested instruction for a lesser-included offense may be reversible error. See, *State v. Sutton*, 231 Neb. 30, 434 N.W.2d 689 (1989); *State v. Hegwood*, 202 Neb. 379, 275 N.W.2d 605 (1979). Only when the evidence entirely fails to show the offense of the lesser degree than that charged in the information will the failure to give a lesser-included offense instruction not be prejudicial error. *State v. Beasley*, 214 Neb. 918, 336 N.W.2d 601 (1983).

As applied to this case, the relevant issue is whether the jury could reasonably believe that the facts support a finding that Massa was guilty of simple possession of marijuana and whether the jury could also find the evidence insufficient to support a guilty verdict on the charge of possession of marijuana with intent to deliver. Massa denies possessing the marijuana and contraband found in the search of the house, but does not deny possession of the marijuana found during the search of his person. A baggie of marijuana and a pipe were found in Massa's jeans pocket. From these facts, the jury could reasonably find that the amount of marijuana found on Massa, coupled with the pipe, was consistent with possession for personal use and contradictory to possession of an amount held for sale.

Additionally, Massa was not present during the morning sale of marijuana that occurred in the presence of the confidential informant. The residence under investigation was leased to Massa's girl friend, Daffer, and Daffer testified that she alone owned and sold the marijuana found hidden in the house.

Lastly, there were several documents belonging to Massa found in the residence that listed a different address. These facts, while not otherwise influencing a determination that Massa was guilty of simple possession, could further support a reasonable jury finding that Massa did not possess the nine baggies of marijuana with intent to deliver.

The marijuana found on Massa's person was offered into evidence as exhibit 27 and was tested by the Nebraska State Patrol's drug chemist. Only a photograph of this exhibit is available for inspection by this court; however, the actual exhibit itself stated the weight of the substance, consistent with the practice of the chemist's examination procedure. The evidence of the weight of the marijuana was therefore available to support a lesser-included offense instruction within one of the statutory requirements of § 28-416 (6),(7), or (8). The evidence of Massa's possession of marijuana on his person was clear and undisputed; therefore, the failure of the trial court to grant such a requested instruction was reversible error.

The final assigned errors relate to the trial court's decision to overrule the defendant's objections to jury instructions Nos. 4 and 21. Jury instruction No. 4 related to the statutory elements of possession with intent to deliver, while instruction No. 21 consisted of the verdict forms to be submitted to the jury. The defense objected at trial to these instructions, as they excluded a lesser-included offense charge. No other perceived error was argued in the defendant's brief. Consistent with the lesser-included offense analysis noted above, we find the court erred in overruling the defendant's objections to the two contested jury instructions.

The judgment of the district court is affirmed with respect to count II. The defendant's conviction on count I is reversed, and the cause is remanded for a new trial.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR A NEW TRIAL.