STATE OF NEBRASKA, APPELLEE, V.
ROBERT RAY JOHNSON, APPELLANT.
627 N.W. 2d 753
Filed June 15, 2001.   No. S-00-592.

1002

Arthur C. Toogood, Adams County Public Defender, for appellant.

Don Stenberg, Attorney General, and Thomas J. Olsen for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

### NATURE OF CASE

Robert Ray Johnson was convicted by a jury of two counts of distribution of a controlled substance, marijuana. Johnson was sentenced by the district court for Adams County to 2 to 3 years' imprisonment on each count, with the sentences to run concurrently.

Johnson appealed to the Nebraska Court of Appeals claiming that the district court erred in (1) refusing to give an instruction on the lesser-included offense of possession of marijuana, (2) denying his motion for a directed verdict at the close of all the evidence based on the claim that the convictions were not supported by sufficient evidence, and (3) imposing excessive sentences. The Court of Appeals rejected Johnson's assignments of error and affirmed his convictions and sentences. *State v. Johnson*, No. A-00-592, 2001 WL 47009 (Neb. App. Jan. 16, 2001) (not designated for permanent publication).

Johnson filed a petition for further review, which this court granted. We reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals, directing the court to

remand the cause to the district court for a new trial on the first count relating to the charge of distribution on January 14, 1999, and dismissal of the second count relating to the charge of distribution on January 15.

### STATEMENT OF FACTS

Johnson was convicted of two counts of distribution of a controlled substance, marijuana, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1998). The charges arose out of incidents which were alleged to have occurred on January 14 and 15, 1999. Count I pertains to January 14, and count II pertains to January 15. The direct testimonial evidence against Johnson consisted primarily of the testimony of a confidential informant who assisted the city of Hastings and Adams County by participating in controlled drug transactions for which she was compensated by the drug task force. Johnson testified in his own defense. The confidential informant's and Johnson's versions of events differed.

The confidential informant's testimony regarding two alleged controlled buys on January 14 and 15, 1999, was as follows: As to the January 14 incident, the confidential informant testified that she contacted Johnson and arranged to meet him at the Olive Saloon in Hastings. Prior to the meeting, the confidential informant was searched by a police officer, given a transmitter disguised as a pager, and given "buy money." At the bar, the confidential informant told Johnson she needed to buy an ounce of marijuana. Johnson replied that he did not have that much with him, and the two arranged to meet later at the Reno Bar. The two met at the Reno Bar, then went outside to Johnson's car where Johnson gave the confidential informant two baggies of marijuana in exchange for $75. Four law enforcement personnel testified at trial that they had seen Johnson and the confidential informant leave the bar together and go to Johnson's car on January 14.

As to the January 15, 1999, incident, the confidential informant testified that she again contacted Johnson to make another purchase. As on January 14, she was searched and given a transmitter and "buy money" prior to the meeting. The confidential informant testified that she and Johnson met again at the Reno

Bar where Johnson gave her three baggies of marijuana in exchange for $90. No law enforcement personnel or any other witness testified as to having seen Johnson at the Reno Bar or to having observed Johnson meeting with the confidential informant on January 15.

After each purchase, the confidential informant delivered the marijuana to the police officers with whom she was working. On cross-examination, the confidential informant testified that she was being compensated for each occasion. Johnson was ultimately arrested and charged with two counts of distribution on July 16, 1999. He pled not guilty, and the case went to trial.

In addition to the testimony of the confidential informant and law enforcement personnel as outlined above, Johnson testified at trial. Johnson denied having sold marijuana to the confidential informant on either January 14 or 15, 1999. Johnson, however, recalled an incident which he thought may have occurred on January 14. Johnson testified he met the confidential informant at the bar and went to his car with her at her invitation to smoke marijuana which she, rather than Johnson, provided. According to Johnson, the confidential informant handed him a small amount of marijuana which he placed in a pipe. Before he could light it, the confidential informant said she had to go and left the car. Johnson thought her behavior was strange because they had smoked marijuana together in the past. Johnson returned to the bar without smoking any marijuana.

With respect to the January 15, 1999, incident, Johnson testified that although he frequented the bar, he did not specifically recall being there on January 15 and did not recall any conversation or incident involving marijuana on that date.

During the course of the trial, Johnson requested that the jury be instructed on the lesser-included charge of possession. The request was denied by the district court. The jury convicted Johnson of two counts of distribution of a controlled substance.

Johnson appealed his convictions and sentences to the Court of Appeals. The Court of Appeals, in an unpublished decision, rejected Johnson's assignments of error and affirmed his convictions and sentences. Johnson petitioned this court for further review. We granted his petition.

## ASSIGNMENTS OF ERROR

Johnson asserts that the Court of Appeals erred in concluding that the district court did not err when it (1) refused to give a lesser-included offense instruction on possession, (2) denied Johnson's motion for directed verdict at the close of all the evidence based on the claim that his convictions were not supported by sufficient evidence, and (3) imposed allegedly excessive sentences. Because we reverse the decision of the Court of Appeals with respect to the first two assignments of error, we do not consider Johnson's third assigned error with regard to sentencing.

## STANDARDS OF REVIEW

Whether jury instructions given by a trial court are correct is a question of law. *State v. Wright, ante* p. 277, 622 N.W.2d 676 (2001). In an appeal based on a claim of erroneous jury instructions, the appellant has the burden to show that the questioned instructions were prejudicial or otherwise adversely affected a substantial right of the appellant. *Id.*

Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Baue*, 258 Neb. 968, 607 N.W.2d 191 (2000).

## ANALYSIS

*Lesser-Included Offense Instruction.*

Johnson was charged with two counts of distribution of a controlled substance. Johnson asserts that the Court of Appeals erred in affirming the district court's refusal to instruct the jury on what he asserts is the lesser-included offense of possession. We agree with Johnson that possession is a lesser-included offense of distribution and, for the reasons explained below, reverse the decision of the Court of Appeals and remand the

cause to the Court of Appeals, directing the court to remand the cause to the district court to conduct a new trial on count I.

In analyzing the lesser-included offense issue, the Court of Appeals properly used the statutory elements test from *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993), which provides that a court must instruct on a lesser-included offense if (1) the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense.

The Court of Appeals concluded under the first step in *Williams* that possession of marijuana is a lesser-included offense of distribution of marijuana. However, under the second step, the Court of Appeals determined that the evidence in the present case did not produce a rational basis for acquitting Johnson of the offense of distribution and convicting him of the offense of possession. In reaching this conclusion, the Court of Appeals reasoned that because Johnson had denied possession of marijuana, the only basis for convicting him of the lesser offense would be if the jury believed only part of the confidential informant's story, i.e., that Johnson was in possession of marijuana but did not distribute it to her. Although we agree with the legal conclusion of the Court of Appeals that possession is a lesser-included offense of distribution, we conclude that the Court of Appeals erred in its determination that the evidence did not support the giving of a lesser-included offense instruction in this case.

At the jury instruction conference, Johnson requested a lesser-included offense instruction and described the lesser offense as "possession of less than one ounce of marijuana." Although Johnson did not specify the statutory section which serves as the source of the proposed lesser-included offense instruction, we construe his proposal as a reference to § 28-416(13), which describes an offense of "knowingly or intentionally possessing marijuana weighing one ounce or less."

The first step of the *Williams* analysis is to determine whether the elements of the offense of possession of marijuana are such

that one cannot commit the greater offense of distribution of marijuana without simultaneously committing the purported lesser offense of possession of marijuana. The Court of Appeals analyzed the first step under the *Williams* test as follows:

> There was evidence that the marijuana involved in count I weighed a little less than one-half ounce and that in count II, the amount involved was about two-thirds ounce. We have held in *State v. Malone*, 4 Neb. App. 904, 552 N.W.2d 772 (1996), that possession of marijuana is a lesser-included offense of possession of marijuana with intent to distribute. See, also, *State v. Bernth*, 196 Neb. 813, 246 N.W.2d 600 (1976). Although *Bernth* was not decided under our present, strict statutory-elements approach to lesser-included offenses, both this case and *Malone* were decided under § 28-416(1)(a). Section 28-416(1)(a) provides that it is a crime to "manufacture, distribute, deliver, dispense, or possess with intent to manufacture, distribute, deliver, or dispense a controlled substance." Whereas *Malone* involved a charge for possession with intent to distribute, in this case, Johnson was charged with distribution.
>
> The hallmark of possession of an illegal drug is not necessarily physical custody thereof, because it is dominion and control over the drugs which denominate possession. See *State v. Massa*, 242 Neb. 70, 493 N.W.2d 175 (1992), *overruled on other grounds, State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993). Thus, even though one could conjure up a factual scenario where a distributor may not physically possess the drugs which he or she distributes, the distributor still exercises dominion and control of the drugs, as in a straight possession case. In determining whether a crime is a lesser-included offense of a greater crime, we compare the statutory elements of each to determine if it is impossible to commit the greater offense without also committing the lesser offense. See *State v. Schmidt*, 5 Neb. App. 653, 562 N.W.2d 859 (1997). After such comparison, it appears that simple possession of marijuana, putting aside questions of the amount possessed, is a lesser-included offense of distribution of marijuana.

*State v. Johnson*, No. A-00-592, 2001 WL 47009 at *3 (Neb. App. Jan. 16, 2001) (not designated for permanent publication).

We agree with the Court of Appeals that under the first step of the *Williams* test, one cannot commit the offense of distribution of a controlled substance without simultaneously committing the offense of possession of a controlled substance and that, therefore, possession is a lesser-included offense of distribution.

■ We note that the statutory description of the greater offense in this case refers to distribution of a "controlled substance," § 28-416(1)(a), and the statutory description of the lesser offense specifically involved in this case refers to possession of "marijuana weighing one ounce or less," § 28-416(13). Marijuana is a "controlled substance." Neb. Rev. Stat. § 28-405(c)(10) [Schedule I] (Cum. Supp. 1998). Under § 28-416, the offenses of possession of different types of controlled substances are stated separately in subsections in order to assign each such possession of a controlled substance offense to a different class of crime depending on the type and/or weight of the controlled substance. Therefore, one can distribute a "controlled substance" by possessing one of a variety of "controlled substances." One cannot, however, commit the greater crime of distribution of a controlled substance without committing the lesser offense of possession of a controlled substance, notwithstanding the fact that there are several forms of illegal possession. Compare *State v. Wright, ante* p. 277, 622 N.W.2d 676 (2001) (concluding motor vehicle homicide not lesser-included offense of manslaughter because it is possible to commit greater offense of manslaughter while committing unlawful act other than unlawful act involving motor vehicle). We therefore conclude that the offense of possession of a particular controlled substance is a lesser-included offense of distribution of such particular controlled substance. In the present case, the specific controlled substance is marijuana weighing 1 ounce or less.

■ Having concluded that the elements of the lesser offense for which Johnson requested an instruction are such that one cannot commit the greater offense of distribution without simultaneously committing the lesser offense of possession, under *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993), we must analyze whether the evidence in this case produces a rational basis

for acquitting Johnson of the greater offense of distribution of marijuana and convicting him of the lesser offense of possession of marijuana weighing 1 ounce or less. It is not prejudicial error not to instruct upon a lesser-included offense when the evidence entirely fails to show an offense of a lesser degree than that charged in the information. *State v. Becerra, ante* p. 596, 624 N.W.2d 21 (2001). Where the prosecution has offered uncontroverted evidence on an element necessary for a conviction of the greater offense but not necessary for the lesser offense, a duty rests on the defendant to offer at least some evidence to dispute this issue if he or she wishes to have the benefit of a lesser-offense instruction. *Id.*

The Court of Appeals determined that under the second step of the *Williams* test, the evidence as to each count did not produce a rational basis for acquitting Johnson of the offense of distribution and convicting him of the lesser-included offense of possession, and therefore, the evidence did not support giving the lesser-included offense instruction. With respect to count I relating to the January 14, 1999, incident, we conclude that there was sufficient evidence to support the giving of the lesser-included instruction and that the Court of Appeals erred in concluding to the contrary. However, with respect to count II relating to the January 15 incident, as explained more fully below, we do not reach the lesser-included offense issue because the evidence against Johnson was based solely on the uncorroborated testimony of the confidential informant who was a cooperating individual, and count II must be dismissed for insufficient evidence.

As to count I, Johnson testified that on January 14, 1999, he accepted a small amount of marijuana from the confidential informant and put the marijuana into a pipe. The Court of Appeals nevertheless stated that "Johnson did not admit to possessing marijuana." *State v. Johnson,* No. A-00-952, 2001 WL 47009 at *3 (Neb. App. Jan. 16, 2001) (not designated for permanent publication). We disagree with this statement of the Court of Appeals. Although not cited by the Court of Appeals, this court has stated that "[t]o possess a narcotic drug means to have actual control, care, and management of, and not a passing control, fleeting and shadowy in its nature." *State v. Coca,* 216 Neb. 76, 81, 341 N.W.2d 606, 610 (1983). See, also, *State v.*

*Williams*, 211 Neb. 650, 655, 319 N.W.2d 748, 751 (1982) (word " 'possess,' when used in a criminal statute, means something more than momentary control"). The Court of Appeals appears to have concluded that Johnson's testimony would not amount to an admission that he had "possessed" marijuana because his testimony indicated only "passing" or "momentary" control. Johnson's testimony regarding putting the marijuana in a pipe indicates more than passing or momentary control of marijuana.

Given the record, the jury could have believed, inter alia, either the confidential informant's testimony that Johnson delivered two baggies of marijuana to her on January 14, 1999, and found that Johnson had distributed marijuana or believed Johnson's testimony and found that he possessed but did not distribute marijuana on January 14. The giving of the lesser-included instruction was warranted by the evidence, and the district court erred when it rejected the proffered instruction. The Court of Appeals erred in rejecting Johnson's assignment of error regarding count I with regard to the district court's failure to give the lesser-included offense instruction.

*Denial of Johnson's Motion for Directed Verdict at Close of Evidence and Sufficiency of Evidence.*

Johnson next asserts that the Court of Appeals erred in affirming the district court's denial of Johnson's motion for directed verdict at the close of all the evidence and in concluding that his convictions were supported by sufficient evidence. In a criminal case, a court can direct a verdict only when there is a complete failure of evidence to establish an essential element of the crime charged or the evidence is so doubtful in character, lacking probative value, that a finding of guilt based on such evidence cannot be sustained. *State v. Severin,* 250 Neb. 841, 553 N.W.2d 452 (1996). If there is any evidence which will sustain a finding for the party against whom a motion for directed verdict is made, the case may not be decided as a matter of law. *State v. McBride,* 250 Neb. 636, 550 N.W.2d 659 (1996). We conclude that the evidence was sufficient to submit count I to the jury but that count II should not have been submitted to the jury due to the lack of evidence corroborating the cooperating individual's testimony.

With regard to the sufficiency of evidence, the Court of Appeals stated that "if the testimony of the confidential informant is believed by a finder of fact, there is ample evidence to sustain [both] the convictions for distributing marijuana." *State v. Johnson*, 2001 WL 47009 at *2. In connection with our consideration of the sufficiency of evidence in this case, we note that Neb. Rev. Stat. § 28-1439.01 (Reissue 1995) provides: "No conviction for an offense punishable under any provision of the Uniform Controlled Substances Act shall be based solely upon the uncorroborated testimony of a cooperating individual." We agree with the conclusion of the Court of Appeals that there was sufficient evidence to submit count I regarding the January 14, 1999, incident to the jury where properly instructed. However, with regard to count II involving the incident on January 15, we conclude that the testimony of the confidential informant regarding the critical events of January 15 is uncorroborated and, therefore, insufficient under § 28-1439.01. Johnson's motion for a directed verdict on count II should have been sustained, and such count should have been dismissed.

"Cooperating individual" is defined for purposes of the Uniform Controlled Substances Act as "any person, other than a commissioned law enforcement officer, who acts on behalf of, at the request of, or as agent for a law enforcement agency for the purpose of gathering or obtaining evidence of offenses punishable under the Uniform Controlled Substances Act." Neb. Rev. Stat. § 28-401(32) (Cum. Supp. 1998). The confidential informant in this case is a "cooperating individual" under § 28-1439.01. We further note that Johnson was charged with two counts of distribution of a controlled substance, marijuana, in violation of § 28-416(1)(a), which is a provision of the Uniform Controlled Substances Act. Therefore, pursuant to § 28-1439.01, neither of Johnson's convictions in this case may be based solely upon the uncorroborated testimony of the confidential informant serving as a cooperating individual.

We have held that corroboration is sufficient to meet the requirement of § 28-1439.01 if the witness is corroborated as to material facts and circumstances which tend to support the testimony as to the principal fact in issue. *State v. Goodro*, 251 Neb. 311, 556 N.W.2d 630 (1996). We have further held that

corroboration may be supplied by observation that a meeting between the subject and a cooperating individual actually took place, coupled with searches of the cooperating individual both before and within a reasonable time after the drug purchase took place. *State v. Knoefler*, 227 Neb. 410, 418 N.W.2d 217 (1988). We have held, however, that the evidence is legally insufficient to sustain a conviction when the State has failed to corroborate the testimony of a cooperating individual which identifies the defendant as the person involved in a distribution. *State v. Jimenez*, 248 Neb. 255, 533 N.W.2d 913 (1995).

Although the Court of Appeals did not directly address the corroboration issue, it did note that the confidential informant testified that she was searched for drugs prior to both her meetings with Johnson, on January 14 and 15, 1999. Although not mentioned by the Court of Appeals, law enforcement personnel involved in the operation testified that the confidential informant had been searched prior to both meetings with Johnson; that the confidential informant was wired for both meetings; and that on January 14, they saw Johnson enter the bar and later exit the bar with the confidential informant and go to Johnson's vehicle, where according to the confidential informant, the actual distribution took place. However, aside from the confidential informant, no one testified as to having seen Johnson enter or exit the bar or meet with the confidential informant on January 15.

As to count I involving the incident on January 14, 1999, there is sufficient corroborating evidence because the police officers searched the confidential informant prior to and after the meeting with Johnson and because police officers observed Johnson going into the bar and later leaving the bar with the confidential informant and going to his car where, according to the confidential informant's testimony, the distribution occurred. The fact of Johnson's having met with the confidential informant on January 14 is further corroborated by Johnson's testimony regarding the events of January 14, about which he testified that he met the confidential informant in the bar and that the two of them went to his car.

However, as to count II involving the January 15, 1999, incident, the record lacks sufficient evidence corroborating the testimony of the confidential informant serving as a cooperating

individual. Although there was evidence that the confidential informant was searched by police prior to and after her alleged meeting with Johnson on January 15, the police officers did not testify that they observed Johnson on January 15, nor did they testify that they observed the confidential informant and Johnson meet on January 15. There was no testimony by police officers or anyone other than the confidential informant that Johnson was actually at the bar on January 15 or that he met with the confidential informant on that date.

We have previously identified the objectives of the predecessor statute to § 28-1439.01 by referring to the legislative history. *State v. Beckner*, 211 Neb. 442, 318 N.W.2d 889 (1982). The introducer of the bill, Senator Fowler, indicated the concerns sought to be addressed by the legislation. Senator Fowler noted that cooperating individuals "often have ulterior motives in accusing others of drug offenses . . . [s]uch as monetary gain or relieving themselves of criminal liability from drug offenses they themselves have committed." Judiciary Committee Hearing, L.B. 276, 85th Leg., 1st Sess. 66 (Feb. 22, 1977). Senator Fowler also noted:

> [A]rrests for delivery of controlled substances violations often do not occur until weeks and often months after the date upon which the violation was alleged to have occurred. This means that even . . . innocent person[s] charged with such . . . violation[s] [have] little if any effective means of defending [themselves] against the unjust charge[s] unless they can succeed in establishing their innocence by the often difficult if not impossible task of establishing that they could not have been in the place at that time the offense was alleged to have occurred.

*Id.* at 65.

Both concerns noted by Senator Fowler were present in the instant case because the confidential informant was paid for her work and because Johnson was not arrested until July 1999 for the violation alleged to have occurred on January 15, 1999. Regarding the January 15 incident, there was no evidence to corroborate the confidential informant's testimony that she met with Johnson at the Reno Bar or any evidence other than her testimony that Johnson was at the bar on that date. As noted by the

introducer, testimony to corroborate a defendant's presence at the time and place of the alleged violation is especially vital when a period of months exists between the alleged violation and the defendant's arrest.

The State argues that the evidence is sufficient as to count II because the testimony by Johnson and the law enforcement officers specifically corroborating the confidential informant's testimony regarding the January 14, 1999, incident also corroborates her testimony regarding the January 15 incident. We reject this argument. Although both counts were charged in the same information, each count represents a separate offense. See Neb. Rev. Stat. § 29-2002(1) (Reissue 1995) (providing that two or more offenses may be charged in same information in separate count for each offense if offenses charged are of same or similar character). Because § 28-1439.01 requires that "[n]o conviction for *an offense* punishable under any provision of the Uniform Controlled Substances Act shall be based solely upon the uncorroborated testimony of a cooperating individual," we conclude that each count represents a separate offense and that the evidence supporting each count must independently satisfy the requirements of § 28-1439.01.

We conclude that Johnson's conviction on count II was not based on sufficient evidence because it was based solely on the uncorroborated testimony of the confidential informant who was serving as a cooperating individual. In enacting § 28-1439.01, the Legislature has indicated that such uncorroborated testimony cannot be the sole basis for a conviction under the Uniform Controlled Substances Act. Accordingly, Johnson's motion for directed verdict at the close of all the evidence should have been granted as to count II. The district court erred in denying this motion as to count II, and the Court of Appeals erred in affirming the district court's denial of Johnson's motion for a directed verdict as to count II made at the close of the evidence.

## CONCLUSION

We conclude that possession of a controlled substance is a lesser-included offense of distribution of a controlled substance and that as to count I, the evidence in this case justified giving the lesser-included offense jury instruction. The decision of the

Court of Appeals affirming the district court's denial of Johnson's request for a lesser-included jury instruction as to count I was error and is reversed.

As to count II, the Legislature has indicated by the passage of § 28-1439.01 that the uncorroborated testimony by a cooperating individual is insufficient to support a conviction for an offense under the Uniform Controlled Substances Act. As to count II, the testimony of the confidential informant serving as a cooperating individual is uncorroborated. Because the evidence against Johnson in connection with count II is legally insufficient to sustain the conviction due to a lack of evidence corroborating the testimony of the cooperating individual as required by § 28-1439.01, Johnson's motion for a directed verdict at the close of all the evidence should have been granted as to count II. The Court of Appeals erred in affirming the district court's denial of Johnson's motion for a directed verdict as to count II. Count II against Johnson may not be retried, and count II must be dismissed. See *State v. Jimenez*, 248 Neb. 255, 533 N.W.2d 913 (1995).

We therefore reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals, directing the court to remand the cause to the district court for a new trial on count I and to dismiss count II.

REVERSED AND REMANDED WITH DIRECTIONS.