STATE OF NEBRASKA, APPELLEE, V.
ANGELA MCKIMMEY, APPELLANT.
634 N.W.2d 817

Filed October 16, 2001. No. A-01-006.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

SIEVERS, Judge.

Angela McKimmey appeals her conviction and sentence for aiding and abetting the distribution or delivery of a controlled substance. The primary issue is whether the jury should have been given a lesser-included instruction for the crime of possession of a controlled substance.

## FACTUAL BACKGROUND

On April 21, 1999, Investigator Wendy Brehm of the Nebraska State Patrol met Deb Perry, a previous contact for purchasing methamphetamine and cocaine, at Perry's residence in Hastings, Nebraska. Brehm had earlier informed Perry that she needed help in purchasing an "eight ball" of methamphetamine. As Brehm and Perry drove around Hastings, they encountered Curtis Mulinix, who suggested McKimmey as a source and directed them to a residence where she could be found. Perry went into the residence while Brehm and Mulinix remained in the car. After speaking with McKimmey, Perry returned to the car to tell Brehm that McKimmey could get an eight ball of methamphetamine for $175. Brehm entered the residence, where McKimmey informed her that it would be approximately 10 minutes before presumably the methamphetamine would be delivered. Approximately 20 to 25 minutes later, a man named "Alex" arrived and met with McKimmey in the kitchen. Brehm could see McKimmey and Alex, but could not hear their conversation. Then McKimmey walked over to Brehm and handed her the methamphetamine. After telling Alex that $170 was all the money she had, Brehm handed him $170 in cash, and Alex accepted that amount.

## PROCEDURAL BACKGROUND

McKimmey was charged in the district court for Adams County with one count of aiding and abetting another under Neb. Rev. Stat. § 28-206 (Reissue 1995) to distribute or deliver a controlled substance. The aider and abettor may be prosecuted

and punished as if he or she were the principal offender under § 28-206. The controlled substance here was methamphetamine, classified under Neb. Rev. Stat. § 28-405(c)(3) [Schedule II] (Cum. Supp. 1998). Under Neb. Rev. Stat § 28-416(2)(b) (Cum. Supp. 1998), any person who knowingly or intentionally manufactures, distributes, delivers, or dispenses a Schedule II controlled substance is guilty of a Class III felony, with some exceptions not applicable to this case.

During McKimmey's jury trial, defense counsel moved to dismiss the case on the ground that the State had failed to establish a prima facie case. The motion was denied. Counsel later moved for a directed verdict on the same ground, which was denied as well. McKimmey's counsel orally requested a jury instruction on the lesser-included offense of possession of methamphetamine. The district court declined to give such instruction. The jury found McKimmey guilty, and the district court overruled defense counsel's motion that the verdict be set aside for insufficiency of evidence. McKimmey was found to be an unsuitable candidate for probation and was sentenced to a prison term of 3 to 5 years.

## ASSIGNMENTS OF ERROR

McKimmey assigns four errors on appeal, which we reduce to three: (1) The district court erred in refusing to instruct on the lesser-included charge of possession of methamphetamine, (2) the district court erred in finding that McKimmey's conviction was supported by sufficient evidence, and (3) the district court imposed an excessive sentence.

## ANALYSIS

*Lesser-Included Offense Instruction.*

McKimmey claims that the district court erred in refusing to instruct the jury on the "lesser-included offense" of possession of methamphetamine. McKimmey argues that "you cannot distribute methamphetamine without possessing it." Brief for appellant at 7. We assume that counsel is actually seeking an instruction on aiding and abetting possession, but has used "shorthand" terminology in speaking of possession as a lesser-included offense of delivery or distribution without specifically adding the words "aiding and abetting." We treat counsel's request below and argument here as seeking an instruction on

aiding and abetting possession of a controlled substance. Whether jury instructions given by a trial court are correct is a question of law. *State v. McCracken*, 260 Neb. 234, 615 N.W.2d 902 (2000). An appellate court is to reach independent conclusions on questions of law. *State v. McBride*, 252 Neb. 866, 567 N.W.2d 136 (1997).

■ *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993), sets forth the "elements" test for determining when a court must instruct the jury on a lesser-included offense. The elements test consists of two prongs, both of which must be satisfied before a court is required to give a lesser-included offense instruction:

> (1) [T]he elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense.

*Id.* at 965, 503 N.W.2d at 566.

■ If the first prong of the *Williams* test is not satisfied, it is unnecessary to analyze the second prong. *State v. Wright*, 261 Neb. 277, 622 N.W.2d 676 (2001) (holding that while test is stated in conjunctive in *Williams*, it is two-step test with first step being to analyze elements of crimes at issue). When applying *Williams*, a court is to look initially not to the evidence, but to the statutory elements of the crimes at issue. See *State v. Parks*, 253 Neb. 939, 573 N.W.2d 453 (1998). The process is a comparison of criminal statutes to determine if it is impossible to commit the greater offense without at the same time committing the lesser offense. See *State v. Becerra*, 253 Neb. 653, 573 N.W.2d 397 (1998).

■ Turning to the required comparison, *State v. Johnson*, 261 Neb. 1001, 1009, 627 N.W.2d 753, 760 (2001), holds that "possession of a particular controlled substance is a lesser-included offense of distribution of such particular controlled substance." Thus, it is impossible to commit the crime of distribution without at the same time committing the lesser crime of possession. We note that we see no real difference between "delivery" and "distribution," as defined in Neb. Rev. Stat. § 28-401(9) and (12) (Cum. Supp. 2000). Section 28-401(12) defines "delivery" as "the

actual, constructive, or attempted transfer from one person to another of a controlled substance." Section 28-401(9) defines "distribute" as "to deliver other than by administering or dispensing a controlled substance." The logical extension of *Johnson, supra,* is that if possession is a lesser-included offense of distribution, when the elements of the two crimes are compared, then aiding and abetting possession is likewise a lesser-included offense of aiding and abetting distribution. The only additional element that aiding and abetting adds is "aiding another," but that element is present regardless of whether the crime is aiding and abetting possession or aiding and abetting distribution.

The language of the aiding and abetting statute, § 28-206, is that "[a] person who aids, abets, procures, or causes another to commit any offense *may be prosecuted and punished as if he were the principal offender.*" (Emphasis supplied.) It is the emphasized language which seems crucial. If the aider and abettor is prosecuted and punished as if he or she were the principal offender, in this case the one actually doing the distributing, then he or she should receive the benefit of the same lesser-included offenses as would the principal offender. In other words, if an aider and abettor is prosecuted and punished as a deliverer because he or she has provided "mere encouragement or assistance," held to be sufficient participation in the criminal act for conviction of aiding and abetting, see *State v. Sanders,* 241 Neb. 687, 490 N.W.2d 211 (1992), then the defenses available to the principal should be equally available to the aider and abettor. Accordingly, for this reason, and given the holding of *Johnson, supra,* we find that the first step in the analysis pursuant to *State v. Williams,* 243 Neb. 959, 503 N.W.2d 561 (1993), is satisfied.

### Second Prong: Is There Rational Basis to Acquit of Greater and Convict of Lesser?

At trial, both Brehm and McKimmey testified that McKimmey helped arrange the transaction. McKimmey said that she was using methamphetamine, that she had gotten it in the past from Alex, and that she contacted Alex to come over and "do this deal" because she knew he would probably have it. She hoped to obtain some of the methamphetamine for her own use.

Brehm testified that McKimmey "said something about wanting to take a bump of it," and McKimmey testified as follows:

> Q [Prosecutor]: You took an active role in this transaction, didn't you?
>
> A: Yes.
>
> . . . .
>
> Q: . . . [A]t no time did you ever step back and say, "I don't want anything to do with this, you guys go do the deal," you stayed involved, didn't you?
>
> A: Yes, hoping to get . . . my part because that was really my only way of being able to get it.

McKimmey admitted that she got the methamphetamine from Alex and handed it to Brehm. There is ample evidence, just from her own testimony, that she called Alex to come to her apartment and sell the methamphetamine to Brehm. Clearly and undisputedly, she arranged this sale by actively assisting and encouraging Alex's "distribution" and "delivery," as the terms are defined in § 28-401(9) and (12).

■ As previously discussed, the question is now whether this evidence produces a rational basis for acquitting McKimmey of a greater offense and convicting her of the lesser offense. See *State v. Becerra*, 261 Neb. 596, 624 N.W.2d 21 (2001). It is not prejudicial error to fail to instruct upon a lesser-included offense when the evidence entirely fails to show an offense of a lesser degree than that charged in the information. *State v. Johnson*, 261 Neb. 1001, 627 N.W.2d 753 (2001); *State v. Becerra, supra*. Moreover, if the prosecution has offered uncontroverted evidence on an element necessary for a conviction of the greater offense but not necessary for the lesser offense, a duty rests on the defendant to offer at least some evidence to dispute this issue if he or she wishes to have the benefit of a lesser-offense instruction. *State v. Johnson, supra*; *State v. Becerra, supra*.

■ In *State v. Johnson*, the court said that " '[t]o possess a narcotic drug means to have actual control, care, and management of, and not a passing control, fleeting and shadowy in its nature.' " 261 Neb. at 1010, 627 N.W.2d at 761, quoting *State v. Coca*, 216 Neb. 76, 341 N.W.2d 606 (1983). See, also, *State v. Williams*, 211 Neb. 650, 655, 319 N.W.2d 748, 751 (1982)

(word " 'possess' when used in a criminal statute means something more than momentary control"). In *Johnson*, the court found that the defendant's testimony that he had not sold marijuana to the confidential informant but admittedly had placed marijuana in a pipe was more than momentary or passing control. In *Johnson*, a lesser-included offense instruction of possession in a distribution prosecution was necessary because the Supreme Court found that the jury could have either believed the confidential informant's testimony that Johnson delivered two baggies of marijuana to her or believed that he possessed marijuana but did not distribute it. Thus, in *Johnson*, the giving of a lesser-included offense instruction was warranted.

Here, there is no rational basis to say that McKimmey only possessed the methamphetamine but did not engage in its distribution as an aider and abettor. Her possession was momentary and fleeting, as the evidence, including her own, is that she passed it from Alex to Brehm. The State's evidence that she made the telephone call to get Alex to bring methamphetamine to her apartment to sell to Brehm is uncontroverted, and it conclusively establishes the assistance and encouragement necessary to establish that she is guilty of aiding and abetting distribution. Thus, we conclude that there is no rational basis upon which a jury could convict her of just possessing methamphetamine and acquit her of the greater charge of aiding and abetting in the distribution and delivery of methamphetamine. In contrast to *Johnson, supra,* here McKimmey admits the greater crime. Therefore, the lesser-included offense instruction was properly refused.

*Claim of Insufficient Evidence to Support Conviction.*

 McKimmey also claims that the district court erred in finding that McKimmey's conviction was supported by sufficient evidence when it overruled her motion to set aside the jury's verdict. *State v. Anderson*, 10 Neb. App. 163, 166, 626 N.W.2d 627, 630 (2001), summarizes the applicable standard of review for a claim of insufficient evidence:

> Regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard of review is the

same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence, viewed and construed most favorably to the State, is sufficient to support the conviction.

McKimmey's brief summarily states that "[t]he evidence in this case is lacking in probative force," brief for appellant at 8, but it fails to articulate why that is true. McKimmey's brief does point out that "Appellant did not receive any money or controlled substances for the transaction" and that "Perry contacted Appellant but she had no controlled substance to sell." *Id.* However, no authority is cited, or argument made, as to why such things render the evidence insufficient.

When cross-examined, McKimmey agreed that she was actively involved in the transaction. In addition, Brehm testified to McKimmey's participation. The evidence clearly establishes that McKimmey "assisted" the transaction. This evidence, viewed most favorably to the State, is sufficient to support McKimmey's conviction for aiding and abetting distribution or delivery, and the district court did not err in so finding.

*Claim of Excessive Sentence.*

McKimmey's third and fourth assignments of error are that the district court abused its discretion in denying probation and imposing a prison sentence that she claims is excessive. McKimmey combines these assignments of error into a single assignment when arguing them, and we do the same.

We begin with the well-established rule that "a sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion." *State v. Philipps,* 242 Neb. 894, 897, 496 N.W.2d 874, 877 (1993). "An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result." *Id.*

McKimmey was found guilty of aiding and abetting distribution or delivery of a controlled substance and may be punished as if she were the principal offender. See § 28-206. Distribution

or delivery of a Schedule II substance is a Class III felony. § 28-416(2). Class III felonies are punishable by 1 to 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2000).

In determining McKimmey's sentence, the district court considered her alcohol and drug addictions, characterizing them as "choices" McKimmey made at great cost to herself. In addition, the court considered McKimmey's previous drug- and alcohol-related offenses, which include two convictions for driving under the influence of alcohol and a conviction for possession of a controlled substance. The district court found McKimmey an unsuitable candidate for probation and noted that "placing [her] on probation would promote disrespect for the law." Finally, the court found that it is likely McKimmey would engage in criminal behavior if she were put on probation.

The court sentenced McKimmey to the Department of Correctional Services for a term of 3 to 5 years' imprisonment, though § 28-105 would permit a sentence of up to 20 years' imprisonment. The sentence is well within the statutory limits. Further, the court denied probation in accordance with the factors outlined in Neb. Rev. Stat. § 29-2260(a) and (c) (Reissue 1995): "The risk is substantial that during the period of probation the offender will engage in additional criminal conduct," and "[a] lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law." The district court did not abuse its discretion in denying probation and imposing a sentence of 3 to 5 years' imprisonment.

## CONCLUSION

For the foregoing reasons, we find that the district court did not err in refusing to give the jury an instruction on a lesser-included offense, in finding that McKimmey's conviction was supported by sufficient evidence, and in imposing a prison sentence of 3 to 5 years instead of imposing probation. We therefore affirm McKimmey's conviction and sentence.

AFFIRMED.