16 Neb. App. 121
STATE OF NEBRASKA, APPELLEE,
v.
STEVE STOLEN, APPELLANT.
No. A-06-1216.
Court of appeals of Nebraska.
Filed November 6, 2007.
Robert B. Deck for appellant.
Jon Bruning, Attorney General, and Erin E. Leuenberger for appellee.
SIEVERS, CARLSON, and CASSEL, Judges.
SIEVERS, Judge.
Steve Stolen was convicted of obstructing government operations under Neb. Rev. Stat. § 28-901(1) (Reissue 1995). Stolen claims his actions of cleaning and removing alcohol containers from a campsite, where a young man had died, do not rise to the level of physical interference contemplated by § 28-901(1). Therefore, Stolen argues that the county court convicted him upon insufficient evidence. We find that Stolen's actions did rise to the level of physical interference contemplated by § 28-901(1), and we affirm his conviction.

FACTUAL AND PROCEDURAL BACKGROUND
On July 3, 2005, Stolen was camping with a group of friends on the property of Bradley Jochum, which property was located on the Missouri River in Dakota County. Accompanying Stolen was a group of about 12 people, including three minors, one of whom was Ken Willis, Jr., age 17. Stolen's group had arrived by boat via the river. A second group of campers, friends of Jochum, were also camping at the site. The two groups interacted, engaging in activities such as shooting fireworks, playing volleyball, and arm wrestling. Throughout the night of July 3 and into the early morning of July 4, both groups, including the minors in Stolen's group, were consuming alcohol.
At approximately 2 a.m. on July 4, 2005, Stolen went to sleep in his tent. Around 6 a.m., he was awakened by another camper, Kingsley James, who informed him that Willis had been found dead. The campers began to panic about the fact that there had been minors consuming alcohol and that one of those minors was now dead. The campers, including Stolen, began cleaning the campsite. Empty alcohol containers were placed into the boat of one of the campers, and then several of the campers left the campsite in the boat.
The owner of the property, Jochum, was informed that Willis had died, and Jochum called the authorities. Stolen, along with other remaining campers, continued cleaning the campsite, including the area where Jochum's group had camped, placing items such as beer cans and other alcohol containers into plastic garbage bags and placing the bags into the back of a pickup truck. Around 6:30 a.m., a deputy from the Dakota County Sheriff's Department arrived at the site. The deputy noted that the campers appeared to be intoxicated or hung over but that the campsite was unusually clean. The deputy expected to find more alcohol containers and trash than he did.
Ultimately, the State filed a complaint in the county court for Dakota County charging Stolen with one count of obstructing government operations and one count of procuring alcohol for a minor. In a jury trial, Stolen was found guilty of obstructing government operations and not guilty of procuring alcohol for a minor. Stolen appealed the county court's judgment to the district court for Dakota County, which affirmed the judgment of the county court. Stolen timely appealed.

ASSIGNMENTS OF ERROR
Stolen assigns and argues, restated, the following errors: (1) that there was no physical act committed which supports a conviction for obstructing government operations and (2) that he was convicted of obstructing government operations based on insufficient evidence of an underlying unlawful act. While other assignments of error were made, the above two assignments are the only ones actually argued, and therefore they are the only assignments that we will consider. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party assigning the error. Eicher v. Mid America Fin. Invest. Corp., 270 Neb. 370, 702 N.W.2d 792 (2005).

STANDARD OF REVIEW
[1] Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. State v. Johnson, 261 Neb. 1001, 627 N.W.2d 753 (2001).
[2] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. State v. Contreras, 268 Neb. 797, 688 N.W.2d 580 (2004).

ANALYSIS

State Produced Sufficient Evidence of Obstructing Government Operations; Stolen Committed Physical Act as Contemplated by § 28-901(1).
[3] Section 28-901(1) states as follows:
A person commits the offense of obstructing government operations if he intentionally obstructs, impairs, or perverts the administration of law or other governmental functions by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.
[4] Stolen's intent to obstruct government operations was established by circumstantial evidence. "A direct expression of intention by the actor is not required because the intent with which an act is committed involves a mental process and intent may be inferred from the words and acts of the defendant and from the circumstances surrounding the incident." State v. Curlile, 11 Neb. App. 52, 58, 642 N.W.2d 517, 522 (2002). James testified that after discovering Willis had died, the campers became concerned that minors had been drinking alcohol at the campsite and that if law enforcement officers were to arrive, they would see that the campsite was littered with beer cans. It was based on this concern that Stolen removed alcohol containers from the campsite, according to both James and Jochum. It can be inferred from these circumstances that Stolen's intent was to prevent law enforcement from knowing that minors had been consuming alcohol at the campsite. These actions, when viewed in the light most favorable to the State as we must, demonstrate that Stolen intended to obstruct government operations.
Stolen committed the "physical interference" contemplated by § 28-901 when he cleaned the campsite and removed the alcohol containers. Stolen asserts that his removal of alcohol containers and trash does not rise to the level of physical interference contemplated by the statute. Stolen supports this assertion by citing State v. Fahlk, 246 Neb. 834, 524 N.W.2d 39 (1994). In Fahlk, a school superintendent produced a falsified document which concealed that he had taken a computer printer belonging to the school for his daughter to use. The Nebraska Supreme Court said that these actions lacked "the element of force or violence contemplated by § 28-901." State v. Fahlk, 246 Neb. at 854, 524 N.W.2d at 53.
[5] However, neither Fahlk nor the case law that has followed provides an analysis as to what degree of force or violence rises to the level contemplated by § 28-901, nor did the Fahlk opinion address the "physical interference" or "obstacle" component of the statute. The Model Penal Code and Commentaries § 242.1, comment 3 at 204 (1980), discusses the physical interference aspect of its obstructing government operations provision, which is identical to the statute at issue in all material aspects, saying that "the section reaches any affirmative act of physical interference not explicitly excepted, whether or not violence is involved." A case cited in a footnote to § 242.1 demonstrates that violence is not necessary for a violation of the statute. See Johnson v. State ex rel. Maxcy, 99 Fla. 1311, 128 So. 853 (1930) (frustrating fruit inspector's test by salting a sample of orange juice).
[6] In 2006, the Nebraska Supreme Court said that what Fahlk established in regard to the element of physical interference in § 28-901 was that "neither the failure to volunteer information nor words intended to frustrate law enforcement are a physical act that violates § 28-901." Nebraska Legislature on behalf of State v. Hergert, 271 Neb. 976, 1009, 720 N.W.2d 372, 398 (2006).
Here, Stolen's acts were not simply words or a failure to volunteer information. Instead, Stolen's cleaning of the campsite and removal of alcohol containers were obviously physical acts as referenced in Hergert, supra, and as such, they fall within the plain language of § 28-901. By the physical act of cleaning the campsite and removing alcohol containers, Stolen clearly intended to interfere with the Dakota County Sheriff's Department's investigation into the death of Willis, which investigation Stolen knew was about to occur. The evidence was that for a proper investigation of Willis' death, the scene should not be disturbed before law enforcement arrives, because doing so interferes with the investigation of the death and its circumstances. There is sufficient evidence in the record to support the trial court's conviction of Stolen for obstructing government operations.

Stolen's Conviction of Obstructing Government Operations Is Not Based on Independent Unlawful Act.
Stolen's brief discusses whether Stolen's conviction of obstructing government operations was supported by an independent unlawful act. However, because we have found that Stolen's conviction is supported by his physical interference with the campsite, which in turn interfered with the investigation into Willis' death, it is unnecessary to determine whether Stolen committed any other unlawful acts that would support his conviction for obstructing government operations or whether the jury was properly instructed on such a matter.

CONCLUSION
When Stolen cleaned his campsite and removed alcohol containers from it, he committed a physical act that interfered with the Dakota County Sheriff's Department's investigation of the death of Willis. The State produced sufficient evidence to support Stolen's conviction of obstructing government operations.
AFFIRMED.