STATE OF NEBRASKA, APPELLEE, V.
JEAN-PIERRE BROWNELL, APPELLANT.
644 N.W.2d 166

Filed April 16, 2002. No. A-01-545.

George E. Clough, of Clough, Dawson & Piccolo, for appellant.

Don Stenberg, Attorney General, and Jodi M. Fenner for appellee.

HANNON, INBODY, and CARLSON, Judges.

INBODY, Judge.

## INTRODUCTION

Jean-Pierre Brownell appeals his conviction for second degree false imprisonment. On appeal, he contends that the district court erred in concluding that second degree false imprisonment is a lesser-included offense of first degree false imprisonment and that the evidence was insufficient to support his conviction.

## STATEMENT OF FACTS

On September 19, 2000, an information was filed in Lincoln County District Court charging Brownell with first degree sexual assault, first degree false imprisonment, and burglary. A trial to the court was held on February 21 and 22, 2001.

The victim in this case, Rebecca Simpson, testified that on April 20, 2000, at approximately 9:30 p.m., she returned to her home in North Platte, Lincoln County, Nebraska, and found Brownell sitting on her son's bed in the dark. Simpson testified that she had dated Brownell for approximately 1 year, but that they had broken up 6 months earlier and were having difficulty "calling it quits." Simpson testified that Brownell asked her where she had been, to which she replied that it "was none of his business." Brownell then suggested that they go rent a movie and get something to eat. Simpson testified that in order to avoid a scene and to keep the situation calm, she agreed to go through the drive-in window of a fast-food restaurant and to a video store.

After returning to the residence, the parties began eating their food and watching the movie. Simpson testified that Brownell drank some "Verve," which she stated is "a date-rape drug that . . . makes you goofy." According to Simpson, Brownell had consumed the drug on approximately 10 previous occasions, and the drug would

alter his moods in such a way that if he was angry when he drank the drug, he would become more angry, and that if he was happy, then he would act "goofy" or drunk.

Brownell asked Simpson to "'have sex,'" but she declined and asked him to leave. At that point, Simpson testified that Brownell sexually assaulted her. Brownell again asked Simpson where she had been earlier that evening, to which Simpson responded that she had been with her friend. Brownell then telephoned the friend and became upset when he learned that Simpson had not been with the friend that evening. Simpson testified that she attempted to leave the residence, but that Brownell physically prevented her from leaving and would not let her make any telephone calls. Later, Simpson tried to jump out of a window, but Brownell held her legs and pulled her back inside the residence. Brownell left Simpson's residence at approximately 2:30 the following morning.

Following the State's case, Brownell moved to dismiss the charges against him. The court sustained the motion with regard to the burglary charge, which it dismissed for lack of evidence. Brownell then presented evidence, including Brownell's testifying in his own defense.

Brownell testified that he entered Simpson's house through the back upstairs door by putting a ladder up against the house and that he intended to "surprise" Simpson. Brownell admitted that sexual intercourse occurred, but claimed it was consensual. He further admitted that he and Simpson argued, but alleged that he was the one trying to escape Simpson, even though he is 6 feet 2 inches tall and weighed 240 pounds and Simpson is 5 feet 2 inches tall and weighed 123 pounds. Brownell further admitted that he did restrain Simpson, but contended that such restraint was necessary in order to defend himself and/or to keep Simpson from hurting herself.

Following the close of the defense's evidence, the court found Brownell not guilty of first degree sexual assault and found, sua sponte, that although Brownell was not guilty of first degree false imprisonment, he was guilty of the lesser-included offense of second degree false imprisonment.

On February 27, 2001, the district court, sua sponte, entered an order setting aside Brownell's conviction for second degree

false imprisonment, because the court found that although the court could make a determination that the trier of fact may consider a lesser-included offense over a defendant's objections, due process demanded that the defendant be given the right to object and the right to be heard prior to the court's determining the consideration of a lesser-included offense in a criminal action. Thus, the court set the matter for hearing to allow objections and argument on the consideration of the lesser-included offense. The hearing, held on April 26, presented issues to the court of whether second degree false imprisonment is a lesser-included offense of first degree false imprisonment and whether the procedure used in the instant case comported with the due process requirements of the U.S. and Nebraska Constitutions. Additionally, Brownell's counsel argued that "the Court has no jurisdiction at this point because the Court found the defendant not guilty on the counts that were charged and the counts that the defendant had notice of."

On April 26, 2001, the court filed an order finding that second degree false imprisonment is a lesser-included offense of first degree false imprisonment. Additionally, the court found that Brownell was on notice that the court could consider lesser-included offenses of the charged offenses. Brownell was sentenced to 1 year's probation. Brownell has timely appealed to this court.

## ASSIGNMENTS OF ERROR

On appeal, Brownell contends that the district court erred in concluding that second degree false imprisonment is a lesser-included offense of first degree false imprisonment and that the evidence was insufficient to support his conviction of second degree false imprisonment.

## ANALYSIS

*Lesser-Included Offense.*

Brownell's first assignment of error is that the district court erred in concluding that second degree false imprisonment is a lesser-included offense of first degree false imprisonment.

In determining whether a particular crime is a lesser-included offense of a greater crime, we compare the statutory elements of each offense to determine if it is impossible to commit

the greater offense without also committing the lesser offense. See *State v. Johnson*, 261 Neb. 1001, 627 N.W.2d 753 (2001). The elements test " 'involves a textual comparison of criminal statutes and does not depend on inferences that may be drawn from evidence introduced at trial.' " *State v. Al-Zubaidy*, 253 Neb. 357, 362, 570 N.W.2d 713, 716 (1997) (quoting *Schmuck v. United States*, 489 U.S. 705, 109 S. Ct. 1443, 103 L. Ed. 2d 734 (1989)).

A person commits first degree false imprisonment "if he or she knowingly restrains or abducts another person (a) under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury; or (b) with intent to hold him or her in a condition of involuntary servitude." Neb. Rev. Stat. § 28-314(1) (Cum. Supp. 2000). A person commits second degree false imprisonment if he or she knowingly restrains another person without legal authority. Neb. Rev. Stat. § 28-315 (Reissue 1995).

A textual comparison of these two statutes reveals that both statutes require a person to knowingly restrain another person. Further, the offense of first degree false imprisonment requires that this restraint be either under terrorizing circumstances, under circumstances which expose the person to the risk of serious bodily injury, or with the intent to hold the individual in a condition of involuntary servitude. None of these conditions can be accomplished without restraining the individual without legal authority. See *Grebe v. State*, 113 Neb. 327, 331, 202 N.W. 909, 911 (1925) (adding elements of " 'without . . . consent' " and " 'without process of law' " to statutory crime of false imprisonment).

This reasoning is supported by the Nebraska Supreme Court decision of *State v. Schwartz*, 219 Neb. 833, 366 N.W.2d 766 (1985), in which the court had occasion to consider whether second degree false imprisonment was a lesser-included offense of first degree false imprisonment. In *State v. Schwartz*, the defendant was charged with first degree false imprisonment, among other offenses. After being convicted by a jury, the defendant appealed to the Nebraska Supreme Court, arguing, inter alia, that the trial court erred in failing to instruct the jury on the lesser-included offense of second degree false imprisonment. At that time, a lesser-included offense was defined as " 'one which must be committed if the greater offense is committed or, put slightly

different, is one which is fully embraced in the higher offense' " and " 'if, under a "different but reasonable" view, the evidence would be sufficient to establish guilt of the lesser offense and leave a reasonable doubt as to some element included in the greater offense but not the lesser.' " *Id.* at 836-37, 366 N.W.2d at 769.

The Nebraska Supreme Court held that the defendant's argument that the jury should have been instructed on second degree false imprisonment was without merit. In making this determination, the court stated that first and second degree false imprisonment were differentiated by the requirement of the former that the victim be restrained " 'under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury.' " *Id.* at 838, 366 N.W.2d at 770. The court then found that there was no evidence contradicting the fact that the victim had been exposed to the risk of serious bodily injury and that such conduct constituted terrorizing circumstances. Thus, the evidence did not support a lesser-included offense instruction, and the trial judge properly refused to instruct the jury as to second degree false imprisonment. The statutory elements of first and second degree false imprisonment have not been modified since *State v. Schwartz, supra,* was decided.

 Thus, the restraint required to commit the offense of first degree false imprisonment must necessarily be without legal authority. Consequently, because it is impossible to commit first degree false imprisonment without also committing second degree false imprisonment, second degree false imprisonment is a lesser-included offense of first degree false imprisonment. Accordingly, this assigned error is without merit.

*Insufficiency of Evidence.*

Brownell's second assigned error is that the evidence was insufficient to support his conviction of second degree false imprisonment.

 Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does

not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Johnson*, 261 Neb. 1001, 627 N.W.2d 753 (2001); *State v. Baue*, 258 Neb. 968, 607 N.W.2d 191 (2000).

A person commits second degree false imprisonment if he or she knowingly restrains another person without legal authority. § 28-315.

In the instant case, Brownell admitted that he had restrained Simpson. He further alleged that the restraint was done in self-defense and to protect Simpson from herself, which claims were rejected by the district court. Finally, it is clear that Brownell did not have the legal authority to restrain Simpson. Thus, the evidence, when viewed in the light most favorable to the State, supports Brownell's conviction for second degree false imprisonment.

## CONCLUSION

Having considered and rejected Brownell's assigned errors, we affirm his conviction and sentence.

AFFIRMED.